George Carr, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 8, 1979, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Dianne Upson,* for appellant.

*Linda M. Gunn,* Assistant Attorney General, for appellee.

OPINION BY JUDGE ROGERS, March 13, 1979:

George Carr has appealed from an order of the Secretary of Welfare affirming the order of a hearing examiner discontinuing public assistance to the Carr family.

Before August 1977, Mr. Carr received Supplemental Security Income[1] (SSI) as a disabled person. In addition, Mr. Carr was "payment name" for public assistance for his wife and five children as Aid to Families with Dependent Children[2] (AFDC). Mr. Carr was later declared eligible for and awarded Old-age, Sur-

---

[1] 42 U.S.C. §1381 et seq.

[2] 42 U.S.C. §601 et seq.

vivors and Federal Disability Insurance[3] (OASDI) benefits for himself and his family. On August 1, 1977 the Chester County Board of Assistance sent Mr. Carr a notice of the discontinuance of the AFDC grant because the OASDI benefits of Mrs. Carr and the children, together with the amount Mr. Carr was expected to contribute to the family from his OASDI benefits, exceeded eligibility standards for public assistance. The Board made the following calculations pursuant to Department of Public Welfare (DPW) regulation Section 183.44[4]:

$336.44 Mr. Carr's OASDI benefits per month

—54.00 Mr. Carr's share of assistance grant (additional amount family would receive if Mr. Carr were included in assistance unit)

---

$282.44

—7.70 Mr. Carr's Medicare payments

---

$274.74

—45.70 Mr. Carr's Medical costs

---

$229.04 Expected contribution to family

$459.00 Public assistance grant for 6 person household

—292.80 OASDI benefits to Mrs. Carr and children

---

$166.20 Adjusted grant per month

—229.04 Expected contribution from Mr. Carr

---

$ 0.00 Required amount of assistance

---

[3] 42 U.S.C. §401 et seq.
[4] 55 Pa. Code §183.44.

Mr. Carr appealed the Board's decision to a hearing examiner, who conducted a fair hearing and affirmed the Board's action discontinuing public assistance. The Secretary of Welfare adopted the examiner's order as the final administrative action of the Department of Public Welfare. This appeal by Mr. Carr followed.

The appellant concedes that the welfare authorities properly applied existing regulations in finding his family ineligible for AFDC. He says, however, that Section 183.44 of the regulations is invalid because it violates federal regulations and the equal protection clauses of the United States Constitution and the Constitution of Pennsylvania.

Mr. Carr says that the calculation required by DPW regulation Section 183.44, providing that $229.04 of his personal OASDI benefit of $336.04 must be considered as his expected contribution to the family, violates federal regulations by allowing an inadequate amount of money for his personal needs. In support of this proposition he points to regulations of the Department of Health, Education, and Welfare (HEW) which govern the expenditure of social security benefits certified to a representative payee on behalf of an incompetent beneficiary. *See* 20 C.F.R. §404.1601 et seq. (1978). In summary, these regulations require that the representative payee apply the certified payments for the use and benefit of the beneficiary and that he use the payments for the support of the beneficiary's family only after the beneficiary's current maintenance needs are met. Mr. Carr says that these standards should be applied by DPW in the calculation of his expected contribution of OASDI benefits to his family. We disagree. The HEW regulations were established to protect beneficiaries whose benefits are paid to and expended by third parties. Mr. Carr main-

tains control over his OASDI payments and may expend them in any manner he chooses.

Mr. Carr also cites HEW regulation, 45 C.F.R. §233.20(a)(vi) (1977), as providing a guideline for the amount of support a relative may be required to provide to a public assistance applicant. That regulation provides in pertinent part as follows:

> Except for child support obligations assigned pursuant to §232.11 of this chapter, if the State agency holds relatives responsible for the support of applicants and recipients, (a) include an income scale for use in determining whether responsible relatives have sufficient income to warrant expectation that they can contribute to the support of applicants or recipients, which income scale exceeds a minimum level of living and at least represents a minimum level of adequacy that takes account of the needs and other obligations of the relatives; and (b) provide that no request will be made for contributions from relatives whose net cash income is below the income scale. *In family groups living together, income of the spouse is considered available for his spouse and income of a parent is considered available for childreen under 21. . . .* (Emphasis added.)

Mr. Carr says that DPW violated this regulation by failing to include in the state plan an income scale exceeding a minimum level of adequacy in determining the amount of his expected contribution to his family. This argument ignores the last sentence of the regulation, which makes the income of a spouse or parent available to the family group with which he or she lives and removes the income of spouses and parents from the income scale requirement. Furthermore, even if a minimum income scale were required for parents and

spouses, DPW regulation 183.44 provided such a minimum income scale by fixing standards for the amount of OASDI benefits to be allotted to Mr. Carr's own use. There is no evidence in the record that the amount allotted by these standards ($107.40 per month) was below a "minimum level of adequacy." Mr. Carr nevertheless says that $107.40 per month is inadequate because it is less than SSI benefits, which are designed to provide a minimum level of income to disabled persons. We are not convinced that SSI benefits provide the proper measure for "minimum level of adequacy" under 45 C.F.R. §233.20(a)(3)(vi). SSI is a separate social welfare program designed to remedy the combined effects of disability or old-age and poverty. It does not establish a universal standard for the needs of disabled persons living in family units. We see no good reason for requiring DPA to apply the minimum income scale of SSI in determining whether AFDC benefits are to be paid, particularly where the amount allocated to the beneficiary, in this case $107.40, is not shown to be inadequate.

Mr. Carr says that the denial of AFDC benefits violates his constitutional right to equal protection of the laws because the total income to his family is less under OASDI than it would be if he received SSI benefits.[5] The reason for this discrepancy is that OASDI

---

[5] Mr. Carr offers the following comparison:

Monthly income as OASDI recipient:

| | |
|---|---|
| $336.44 | Mr. Carr's OASDI benefits |
| 292.80 | OASDI benefits for spouse and children |
| $629.24 | Total family income |

Monthly income as SSI recipient:

| | |
|---|---|
| $210.00 | Mr. Carr's SSI benefits |
| 459.00 | AFDC for spouse and children |
| $669.00 | Total family income |

benefits are included in the calculation of a family's income in determining eligibility for AFDC benefits but SSI benefits are not. Mr. Carr's wife and children are thus ineligible for AFDC benefits while he receives OASDI but would be eligible if he received SSI. Mr. Carr says that, because the disability requirements for OASDI and SSI are the same,[6] there is no reasonable basis for treating the benefits from these programs differently. We disagree.

The income which may be considered by state welfare authorities in determining eligibility for AFDC is governed by federal law.[7] Federal regulations require "that the determination of need and amount of assistance for all applicants and recipients will be made on an objective and equitable basis and *all types of income will be taken into consideration in the same way except where otherwise specifically authorized by Federal statute....*" (Emphasis added.) 45 C.F.R. §233.20(a)(1)(i). SSI benefits are specifically excluded by federal statute from the calculation of a family's income in determining AFDC eligibility. 42 U.S.C. §602(a)(24). Federal law therefore requires state welfare authorities to consider all income, including OASDI benefits, when calculating income available to a family but prohibits the consideration of SSI benefits. We do not believe that this distinction between SSI and OASDI benefits violates equal protection of the laws.

The test for whether social welfare programs violate constitutional equal protection is set out in *Dan-*

---

[6] The definition of disability under OASDI is found at 42 U.S.C. §423(d)(1)(A). The definition under SSI is at 42 U.S.C. §1382c(a)(3)(A).

[7] State law requires that DPW calculate income in accordance with Federal law and regulations. *See* Section 432.12 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended,* added by Act of July 9, 1976, P.L. 993, §5, 62 P.S. §432.12.

*dridge v. Williams,* 397 U.S. 471 (1970). There, the United States Supreme Court wrote:

> In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78, 55 L.Ed. 369, 377, 31 S.Ct. 337. 'The problems of government are practical ones and may justify, if they do not require, rough accomodations—illogical, it may be, and unscientific.' Metropolis Theatre Co. v. City of Chicago, 228 U.S. 61, 69-70, 57 L.Ed. 730, 734, 33 S.Ct. 441. 'A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.' McGowan v. Maryland, 366 U.S. 420, 426, 6 L.Ed. 2d 393, 399, 81 S.Ct. 1101.

397 U.S. at 485.

We believe that there is a reasonable basis for treating SSI and OASDI benefits differently in the calculation of family income. Although these programs may overlap somewhat in their coverage, they were designed to remedy different social problems and have different eligibility requirements. The SSI program was created in 1972 to alleviate poverty among the elderly and disabled by eliminating the disparate benefits provided by state programs and substituting standard federal benefits to those who demonstrate financial need. To insure uniform minimum incomes among recipients in different states, Congress made SSI benefits exempt from the eligibility requirements of state AFDC programs. OASDI, on the other hand,

262

was created in 1935 to benefit the elderly and disabled who have established substantial work histories. Since eligibility for OASDI benefits is based on work histories and not on financial need, national uniformity of income to beneficiaries is not a primary concern of the program. Therefore, it is not necessary to protect OASDI benefits from the effects of state welfare programs. We therefore hold that the different treatment of SSI and OASDI benefits does not offend the constitutional guarantees of equal protection.

Order affirmed.

ORDER

AND Now, this 13th day of March, 1979, the order of the Secretary of Welfare dated November 3, 1977 is hereby affirmed.