Ann M. Emerick, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 13, 1979, before Judges Mencer, DiSalle and MacPhail, sitting as a panel of three.

*Kevin B. Curley,* for petitioner.

*Linda M. Gunn,* Assistant Attorney General, for respondent.

Opinion by Judge MacPhail, November 14, 1979:

Ann M. Emerick (Petitioner) brings this appeal from an order of the Department of Public Welfare (DPW) affirming a decision of the Chester County Board of Assistance (Board) which terminated payments to Petitioner. Petitioner challenges the termination arguing that it violates her right to equal protection under the United States[1] and Pennsylvania[2] Constitutions and that it violates the Social Security Act.[3] for the reasons which follow, we affirm.

Since August, 1974, Petitioner had been receiving general assistance (GA) payments which, at the time of the proposed termination, totaled $173.00 per month. She lived with her husband who, because of a disabling stroke, received $289.00 per month in Social Security Disability (OASDI) benefits. Peti-

---

[1] U.S. Const. amend. XIV, §1.

[2] Pa. Const. art. I, §1.

[3] 42 U.S.C. §301 *et seq.*

tioner is the representative payee of her husband's OASDI benefits. In early 1978, Petitioner's eligibility was redetermined and, based upon that redetermination, the Board proposed to discontinue her GA benefits because the income considered available to her from her husband exceeded her needs by assistance standards.[4] Petitioner appealed from the redetermination and a fair hearing was held. The hearing examiner sustained the decision of the Board and that order is before us now.

The controversy concerning Petitioner's benefits is based on the fact that she is no longer eligible for benefits because her husband receives OASDI benefits but that she would be eligible if he received Supplemental Security Income (SSI). In reevaluating Petitioner's eligibility, the Board made calculations as follows:[5]

| | |
|---|---|
| Mr. Emerick's OASDI benefits | $289.00/month |
| Less difference between two and one person GA grant | — 87.00/month |
| Income deemed available to Petitioner | $202.00/month |

The income deemed available to Petitioner pursuant to this formula is more than her $173.00 per month GA grant and, therefore, she is ineligible to receive GA. The total monthly income for Petitioner's household, then, is $289.00. If, however, Petitioner's husband were receiving SSI benefits, her $173.00 GA grant would be unaffected and their total monthly income would be $383.00. Petitioner argues that to

---

[4] A one person assistance unit residing in Chester County is eligible for a basic GA grant of $173.00 monthly. See 55 Pa. Code §175.23(a).

[5] These calculations were performed according to the requirement of 55 Pa. Code §183.64.

decrease (and here eliminate) her GA benefits because of her husband's OASDI benefits when the GA benefits of one in a similar situation whose spouse receives SSI benefits are not decreased is a violation of her equal protection rights.

A similar issue was raised and decided adversely to Petitioner's position in *Carr v. Department of Public Welfare*, 41 Pa. Commonwealth Ct. 254, 398 A.2d 1088 (1979) (*allocatur refused*, August 16, 1979). There, we held that to apply OASDI but not SSI benefits against an Aid to Families with Dependent Children (AFDC) grant did not violate equal protection principles. We can see no reason to distinguish or overrule our decision in *Carr* merely because the benefits in *Carr* were AFDC rather than GA benefits. Therefore, our decision in *Carr* controls the instant case and Petitioner's equal protection argument must fail.

Petitioner next argues that DPW's differentiating between OASDI and SSI benefits in determining her eligibility for GA benefits is not in conformity with the Social Security Act.[6] We disagree.

---

[6] DPW argues that Petitioner failed to properly raise this issue below and, therefore, that she has waived her right to raise it now. A review of the notes of testimony of the Fair Hearing reveals no specific mention of this issue by either Petitioner or her counsel. Normally, then, we would hold that it had been waived and we would refuse to consider it here. *See Brose v. Easton Parking Authority*,       Pa. Commonwealth Ct.    , 403 A.2d 178 (1979). The hearing examiner's adjudication makes clear, however, that even if the issue had been raised below, she would have declined to rule on it. In her discussion, she wrote:

However, the Hearing Examiner is powerless to change or modify Department of Public Welfare regulations at this particular forum. The appropriate forum to challenge the legality or validity of those regulations should be made, by appeal, to the Commonwealth Court of Pennsylvania.

The purpose of requiring that objections or issues be raised prior to the appellate review stage is to ensure that the lower court or

Petitioner correctly states that a representative payee of an OASDI recipient shall apply the payments on the beneficiary's behalf and in the beneficiary's best interest and that the payments shall be considered to have been applied for the use and benefit of the beneficiary when they are used for the beneficiary's maintenance.   20 C.F.R.  §§404.1603 and 404.1604.   If a beneficiary's current maintenance needs are being *reasonably met,* however, the representative payee may use part of the payments for the support of the beneficiary's legally dependent spouse. 20 C.F.R. §404.1607.   Petitioner argues that in light of these regulations it was error for DPW to deduct from her husband's OASDI benefits only the difference between a one and two person GA grant before applying the benefits to Petitioner's support and that it is unreasonable to assume that the $87.00 difference is sufficient to meet reasonably her husband's "current maintenance needs."   In the alternative, she states, an individual determination of his needs should be made and subtracted from his OASDI benefits before applying those benefits to her GA eligibility.   She also argues that since the basic purpose of the SSI program "is to assure a minimum level of income for people who are age 65 or over, or who are blind or disabled and who do not have sufficient income and resources to maintain a standard of living at the established Federal minimum income level"[7] and since the $87.00 per month allotted to her hus-

agency initially ruling on the questions has the opportunity to consider them. *See Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974).   Since that purpose would not have been served here even had the issue been raised, we will consider it on appeal. We note that even in instances such as this we do not approve of counsel's raising issues on appeal which were not raised below and we are not inclined to disregard the Court's waiver rules or to allow such appeals except in extraordinary cases.

[7] 20 C.F.R. §416.110.

band by DPW for his basic maintenance needs is far below the $210.00 per month he would receive as an SSI recipient, DPW is violating the Social Security Act by denying him a "minimal level of living."

There are two responses to Petitioner's arguments. First, Petitioner offered no proof that $87.00 per month was insufficient to meet her husband's current maintenance needs. In the absence of such proof, we will not invalidate the DPW regulation or the presumption on which it rests that that amount is adequate for Mr. Emerick's maintenance. Second, we do not accept Petitioner's argument that SSI benefits are indicative of a minimal standard of living. As we said in *Carr v. Department of Public Welfare,* 41 Pa. Commonwealth Ct. at 254, 398 A.2d at 1090:

> SSI is a separate social welfare program designed to remedy the combined effects of disability or old-age and poverty. It does not establish a universal standard for the needs of disabled persons living in family units. We see no good reason for requiring DPW to apply the minimum income scale of SSI in determining whether AFDC benefits are to be paid, particularly where the amount allocated to the beneficiary . . . is not shown to be inadequate.[8]

For the foregoing reasons, we hold that DPW's order terminating Petitioner's general assistance benefits violates neither her equal protection rights nor the Social Security Act. The order is affirmed.

ORDER

AND Now, this 14th day of November, 1979, the Order of the Department of Public Welfare dated June 16, 1978 is affirmed.

---

[8] Again, we see no reason to distinguish or overrule our decision in *Carr* merely because we dealt there with AFDC benefits and deal here with GA benefits.