Veronica Korbel, Petitioner v. Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs, September 13, 1979, to Judges CRUMLISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Dana McBride Breslin,* for appellant.

*Betty F. Perry,* Assistant Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., December 12, 1979:

Veronica Korbel appeals from an order of the Department of Public Welfare (DPW) which affirmed the Delaware County Board of Assistance (DCBA) termination of Medical Assistance (MA) to the Korbel family.

At the time of termination, Veronica Korbel, her disabled husband and five children, received a monthly income of $675.00 in Federal Old-Age, Survivors and Disability Insurance (OASDI)[1] benefits under Subchapter II of the Social Security Act. Accordingly, Mr. and Mrs. Korbel received $420 per month in their own name and Mrs. Korbel received $255 monthly as representative payee for the children.

The DCBA terminated MA benefits after finding that the family's available monthly income exceeded the level established as ''medically needy'' under the Public Welfare Code.[2] Available income was calculated in accordance with PAEM, Section 177.83.[3]

The issue is whether OASDI benefits paid to a parent as representative payee of her children may be considered as a resource available to the family's support for MA eligibility purposes and whether the inclusion of such income violates the equal protection clause of the United States Constitution and Pennsylvania Constitution.

Income which may be considered by state welfare authorities in determining eligibility for MA is governed by federal law. *Carr v. Department of Public Welfare,* 41 Pa. Commonwealth Ct. 254, 398 A.2d 1088 (1979).

Federal regulations governing MA income standards and eligibility provide that the agency must use an income standard to determine eligibility of families of three or more that at least equals the eligibility standard under the State's AFDC[4] plan and that re-

---

[1] 42 U.S.C. §401 et seq.

[2] Section 442.1 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended,* added by Act of July 31, 1968, P.L. 904, 62 P.S. §442.1.

[3] Public Assistance Eligibility Manual, 55 Pa. Code §177.83.

[4] Aid to Families with Dependent Children, 42 U.S.C. §601 et seq.

sources may be considered available for the family's support to the same extent as they are under the State's AFDC plan. *See* 42 C.F.R. §§435.816, 435.841 (a)(1), 435.845(c) (1978).

Federal AFDC eligibility regulations provide that *all types of income*, including social security payments, must be taken into consideration unless specifically authorized by federal statute. 45 C.F.R. §233.20 (a)(1)(i), (a)(4) (1978).

Petitioner maintains, however, that in spite of these regulations under 20 C.F.R. §404.1603 (1979), as representative payee she is legally restricted to spend OASDI payments received for each child only for that child's individual benefit and thus the classification of such income by DCBA as a resource available to the family's support for MA eligibility purposes is inconsistent with federal regulations.

We find no merit in Petitioner's argument.

The purpose of MA is to provide aid to persons "whose income and resources are insufficient to meet the costs of necessary medical services." 42 U.S.C. §1396. OASDI benefits, whether paid directly to the beneficiary or to a third party as representative payee, are a source of income paid by the government to meet the current support and maintenance needs of the recipient. Therefore, no logical reason can be discerned why OASDI benefits paid solely for the recipient's support should not be considered as a resource available to the family to meet that individual's support needs when he is part of the family unit.

Moreover, the MA determination does not, as Petitioner contends, require that the OASDI benefits paid for one child be used to benefit another child or family member. It simply provides that for each individual within a unit applying for assistance the income available to that individual's support must be counted in determining the need of the unit.

Korbel next asserts that she has been denied equal protection of the law in violation of the 14th Amendment because dependents of disabled social security recipients are treated differently than dependents of disabled persons who do not receive social security benefits. What she appears to argue is that regardless of the financial resources available for medical expenses, equal protection demands that dependents of disabled persons be eligible for M.A.

The Constitution *does not* require that things which are different in fact be treated the same under the law. *Estelle v. Dorrough,* 420 U.S. 534 (1975), nor does it preclude classification of recipients of social services so long as there exists a reasonable basis for distinction. *Danbridge v. Williams,* 397 U.S. 471 (1970); *Carr v. Department of Public Welfare,* 41 Pa. Commonwealth Ct. 254, 398 A.2d 1088 (1979).

Accordingly, we

### ORDER

AND Now, this 12th day of December, 1979, the determination of the Department of Public Welfare affirming the Delaware County Board of Assistance termination of medical assistance to Veronica Korbel and her family is affirmed.