David Larish, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 8, 1980, before Judges WILKINSON, JR., MENCER and CRAIG, sitting as a panel of three.

*George R. Price, Jr.,* with him, *Niles Schore,* for petitioner.

*Mary F. Grabowski*, with her, *Linda M. Gunn*, Assistant Attorneys General, for respondent.

OPINION BY JUDGE MENCER, April 15, 1980:

David Larish (petitioner) appeals from an order of the Department of Public Welfare (DPW) which affirmed the decision of the Columbia County Board of Assistance (CBA) discontinuing Aid to Families with Dependent Children (AFDC) assistance received by petitioner and his three minor children. We affirm.

The facts are not in dispute. Prior to October 1, 1978, petitioner's wife, who is disabled, had been receiving Supplemental Security Income (SSI) benefits in the amount of $221.80 monthly. By virtue of a specific federal exemption, these benefits may not be used by state welfare authorities when calculating income available to a family for purposes of determining AFDC eligibility. 42 U.S.C. §602(a)(24). Therefore, the SSI benefits received by the wife were not considered available to the family, who were receiving AFDC benefits in the amount of $360 monthly.

In October of 1978, petitioner's wife's SSI benefits were converted to Old Age Survivors and Disability Insurance (OASDI) benefits for herself and her children in the amount of $423.20 monthly. OASDI benefits do not enjoy federal exemption and are included by DPW in calculating available family income for purposes of determining AFDC eligibility. After deducting $49 to reflect the wife's minimum needs, CBA concluded that available income to the family totaled $374.20 monthly, an amount which exceeded the $360 AFDC minimum benefit level. Consequently, on November 13, 1978, CBA sent a notice to petitioner that his AFDC benefits would be terminated because his total family income exceeded eligibility

standards for public assistance. DPW affirmed the action of CBA, and the appeal to this court followed.

Petitioner's sole argument is that the $49 minimum needs figure used in calculating available income, while accurate for most people, nevertheless does not accurately reflect the minimum needs of petitioner's wife, who is disabled. Petitioner contends that the proper minimum level should be the one established by the SSI benefits, *i.e.*, $221.80. We rejected the identical argument in *Carr v. Department of Public Welfare,* 41 Pa. Commonwealth Ct. 254, 398 A.2d 1088 (1979), as follows:

> SSI is a separate social welfare program designed to remedy the combined effects of disability or old-age and poverty. It does not establish a universal standard for the needs of disabled persons living in family units. We see no good reason for requiring DPW to apply the minimum income scale of SSI in determining whether AFDC benefits are to be paid, particularly where [as here] the amount allocated to the beneficiary . . . is not shown to be inadequate.[1]

41 Pa. Commonwealth Ct. at 259, 398 A.2d at 1090.

Accordingly, we enter the following

### ORDER

AND Now, this 15th day of April, 1980, the order of the Pennsylvania Department of Welfare, dated January 24, 1979, denying the appeal of David Larish, is hereby affirmed.

President Judge BOWMAN did not participate in the decision in this case.

---

[1] The record here is barren of any attempt by petitioner to demonstrate the inadequacy of the $49 minimum need figure.