Rajinder Dhillon, Individually and on behalf of his wife, Narinder Dhillon, and on behalf of his child, Subhir Dhillon, Petitioners v. Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs May 7, 1985, to Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Rajinder Dhillon,* petitioner, for himself, et al.

*Jean E. Graybill,* Assistant Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, July 16, 1985:

The petitioner was notified by the Berks County Assistance Office that he and his family would be ineligible for cash and medical assistance benefits for a period of thirty days because he had failed, without

good cause, to appear for several Community Work Experience Program (CWEP) assignments in the previous month. After a fair hearing was held, the welfare hearing officer issued an adjudication approving the discontinuance of benefits and dismissing the petitioner's appeal. The Office of Hearings and Appeals of the Department of Public Welfare (DPW) affirmed the hearing officer's decision, and an appeal to this court followed.

The petitioner and his family received cash assistance benefits through the Berks County Assistance Office. Under 55 Pa. Code §166.23(c)(1), individuals, such as the petitioner, who are eligible for cash assistance benefits and who are not otherwise exempted from work registration, must enroll in CWEP. CWEP is a program in which assistance recipients work at public service jobs. CWEP was established to provide "work experience opportunities for cash grant recipients who have not received a *bona fide* offer of employment or training from the Office of Employment Security (OES) or PEP [Pennsylvania Employables Program]." 55 Pa. Code §166.21(b). CWEP participants are required to work a number of hours which is determined by the recipient's monthly grant.[1] A participant who willfully fails to comply with the requirements of 55 Pa. Code §165.23 (e)(2)(ii)(A) (regarding accepting employment and referrals offered by CWEP), will be denied assistance for himself and his family for a thirty-day period.

---

[1] 55 Pa. Code §166.23(c)(6). The number of required work hours is derived by dividing the dollar amount of the monthly assistance grant by the minimum wage. For the petitioner, that number was calculated to be 100 hours of community work per month, or 12½ eight-hour days per month. In fact, the County Assistance Office only asked the petitioner to work 65 hours per month. The record reveals that for the disputed month, the petitioner actually worked only 6½ hours in CWEP.

55 Pa. Code §165.23(e)(2)(ii)(B). Beginning May 21, 1984, the petitioner was assigned a CWEP position; however, he did not report to work there on May 21, May 22, May 24 and May 29, 1984. On June 7, 1984, the Berks County Assistance Office sent an advance notice to the petitioner proposing to discontinue his assistance for these failures to appear.

We note again that the petitioner, as an AFDC-CU[2] principal wage earner, was required to accept the bona fide work offered by CWEP, but refused to do so. Once it was determined that the petitioner had refused to accept the work offered by CWEP, the burden of proof then shifted to the petitioner to provide proof of good cause for such action. 55 Pa. Code §165.23(f)(2).[3] Where, as here, the petitioner had the burden of proof and did not prevail below, our scope of review is whether there has been a capricious disregard of competent evidence or an error of law. *Nunley v. Department of Public Welfare,* 54 Pa. Commonwealth Ct. 10, 419 A.2d 240 (1980).

The sole contention raised by the petitioner is that his reason for refusing the CWEP work assignments constitutes ''good cause.'' The petitioner refused work on four separate days. The hearing officer held that there was good cause for the petitioner's refusal for all but one of the four days. The hearing

---

[2] AFDC-CU is defined as an unemployed father under the Aid to Families with Dependent Children program. 55 Pa. Code §101.2.

[3] Section 165.23(f)(2) provides in part:

Good Cause. A person who fails to maintain OES registration, voluntarily terminates employment, reduces his earning capability, refuses to seek employment or training, refuses to accept referral to and participate in vocational rehabilitation or training, including the Work Incentive Program, or refuses to accept referral to, an offer of or maintain employment in accord with subsection (e) must provide proof of good cause for such action or failure to act.

examiner rejected the petitioner's good cause defense that he had to babysit his child while his wife kept a nonmedical and nonemergency appointment. The hearing examiner found that the appointment was voluntary on behalf of the petitioner's wife.

Good cause for refusing CWEP work is a question of law to be determined from all the facts. Section 165.23(f)(2) provides four examples of good cause: 1) the job was beyond the capacity of the recipient; 2) unavailability of transportation or day care; 3) substandard working conditions, and; 4) discrimination from the employer or fellow employees. The regulation, therefore, creates a definition of good cause which encompasses circumstances which would prevent a reasonable person from taking or keeping a job.

Applying the above standard to the facts at bar, we conclude that the circumstances which kept the petitioner away from his CWEP assignment were not substantial and would not have prevented a reasonable person from taking or keeping a job. The petitioner did not allege that his wife's appointment was necessary or that it could not be rescheduled. Nor did he allege that babysitting arrangements were unavailable. The petitioner simply did not meet his burden of proof. Mere inconvenience is not enough to constitute good cause. We affirm.

### ORDER

The order of the Office of Hearings and Appeals of the Department of Public Welfare in case number 060119800, dated August 31, 1984, is affirmed.