506 A.2d 1350

Arthur Heaton, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Clifford A. Thomas, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 6, 1986, before Judges MACPHAIL, DOYLE and COLINS, sitting as a panel of three.

*David. Woodward,* with him, *Harry S. Geller,* for petitioners.

*Jason W. Manne,* Assistant Counsel, with him, *John Kane,* for respondent.

OPINION BY JUDGE MACPHAIL, March 27, 1986:
We have consolidated for argument and decision the appeals of Arthur Heaton and Clifford Thomas from orders of the Department of Public Welfare (DPW) which affirmed decisions of their respective County Assistance Offices (CAO) suspending receipt of benefits under the Aid to Families with Dependent Children (AFDC) program.

Heaton and his family received cash assistance benefits through the Franklin CAO. Heaton is an AFDC-CU principal wage earner.[1] Section 165.23(e)(2)(ii)(A) of the Public Assistance Manual (Manual), 55 Pa. Code §165.23(e)(2)(ii)(A) provides that an AFDC-CU principal wage earner is required, *inter alia,* to accept work or training offered by the Community Work Experience Program (CWEP). Heaton was assigned to work as a general laborer for the Department of Transportation (DOT). DOT gave Heaton permission to take two

---

[1] AFDC-CU is defined as an AFDC Unemployed Father. 55 Pa. Code §101.2.

vacation days on June 28 and 29, 1984, provided that he work June 26 and June 27, 1984. Heaton did not work on June 26 and 27 as scheduled, and DOT asked the Franklin CAO for permission to terminate Heaton for poor attendance, which was granted. The Franklin CAO notified Heaton that as of June 28, 1984, his cash assistance benefits would be discontinued for him and his family for sixty days. After a fair hearing was held, the hearing officer rejected Heaton's good cause defense and issued an adjudication approving the CAO's discontinuance of benefits, but modifying the discontinuance of benefits to thirty days in accord with the provisions of 55 Pa. Code §165.23(e)(3)(ii). The Office of Hearings and Appeals (OHA) of DPW affirmed the hearing officer's decision, and an appeal to this Court followed.[2]

Heaton and Thomas (Petitioners) argue here that (1) the decisions of the OHA are not supported by substantial evidence; (2) assuming the OHA findings are supported by substantial evidence, the appropriate sanction period is thirty days;[3] (3) DPW violated Pennsylvania law in discontinuing benefits to the entire family; and (4) denial of benefits to an AFDC-CU's family solely on the basis of parental misconduct violates their right to equal protection. We shall address each argument *seriatim*.

------

[2] The facts underlying Thomas' appeal to this Court are substantially the same as Heaton's: Thomas is also an AFDC-CU principal wage earner assigned to DOT under CWEP, and was terminated by DOT for unsatisfactory attendance. After a fair hearing, a hearing officer rejected Thomas' good cause defense and issued an adjudication discontinuing cash assistance benefits to him and his family for a 60-day period. The OHA affirmed, and this appeal followed.

[3] Obviously, only Thomas is arguing that the appropriate sanction period is thirty (30) days.

Petitioners' first argument raises the issue of whether they had good cause for their failure to participate in CWEP. Section 165.23(e)(3)(ii) of the Manual states:

(3) *Failure to retain* bona fide *employment or training.* The following requirements will apply:

. . . .

(ii) *AFDC-CU, principal wage earner failure. Any AFDC-CU principal wage earner who* willfully and *without good cause* as described in subsection (f), voluntarily terminates employment, reduces earning capacity, or *terminates his participation in a* vocational rehabilitation or *training program, will be ineligible for assistance for himself and family members for a 30-day period.* (Emphasis added.)

Subsection (f) of Section 165.23 of the Manual provides:

(f) Bona fide *employment and good cause refusals.* The following requirements relate to *bona fide* employment and good cause refusals:

(2) *Good Cause. A person who* fails to maintain OES registration, voluntarily terminates employment, reduces his earning capability, refuses to seek employment or training, including the Work Incentive Program, or *refuses to* accept referral to, an offer of or *maintain employment* in accord with subsection (e) must provide proof of good cause for such action or failure to act. Good cause shall include, but not be limited to, the following:

(i) The job was beyond the capacity of the person.

(ii) The person is unable to maintain transportation to the job or a person involved in the Community Work Experience Program cannot maintain satisfactory day care for his minor children between the ages of 6 and 14.

(iii) The working conditions are substandard, that is, the place of employment is not free of recognized hazards that are causing or are likely to cause death or serious physical harm, or the wages paid are below the minimum wage if applicable for that type of employment or are below the prevailing wage normally paid in the community for the specific kind of employment.

(iv) The person establishes a basis for a claim of discrimination, including sex discrimination, from the employer or fellow employes.

Where, as here, the party with the burden of proof did not prevail below, our scope of review as to the factual findings is to determine whether there has been a capricious disregard of evidence or an error of law. *McCartney v. Department of Public Welfare*, 71 Pa. Commonwealth Ct. 116, 455 A.2d 222 (1983). Although Petitioners phrase the issue in terms of substantial evidence, we will nonetheless construe the issue raised as one of capricious disregard of competent evidence. *Id.*

Heaton's good cause defense was that he was required to leave on his vacation early because of transportation problems.[4] The hearing officer held that "going on vacation" did not qualify as good cause and that DOT was justified in recommending Heaton's termination. Section 165.23(f) of the Manual creates a definition of good cause encompassing circumstances which would prevent a reasonable person from maintaining employment. *Dhillon v. Department of Public Welfare*, 90 Pa. Commonwealth Ct. 431, 495 A.2d 667 (1985). "Mere inconvenience is not enough to constitute good cause." *Id.* at 435, 495 A.2d at 669. We are of the opinion that the hearing officer did not capriciously disre-

---

[4] The hearing officer noted that Heaton had accumulated six unexcused absences in June of 1984 prior to June 26, 1984.

gard evidence or commit an error of law in finding that Heaton's vacation circumstances did not constitute good cause.

Thomas, on the other hand, attributed his many absences to medical reasons, lack of transportation, taking his daughter to the doctor, and attending an uncle's funeral. He also alleges that he was unable to walk the mile and a quarter to his "pick-up" point in cold weather.[5] The hearing officer specifically found that Thomas did not comply with requests that he notify DOT of his absences and that "[c]ertainly a mile and a quarter is not an extreme distance to require someone to walk to comply with employment regulations." Thomas did not allege that he informed DOT of his inability to get to his pick-up point in cold weather. We believe that Petitioner did not meet his burden of proof in proving good cause. We hold that the hearing officer did not capriciously disregard evidence or commit an error of law in this regard.

Petitioners argue next that the applicable sanction period for their failure to retain their participation in a CWEP training program is 30 days under Section

---

[5] Thomas' DPW caseworker introduced copies of DOT records and testified to Thomas' many absences. Counsel for Thomas objected on hearsay grounds in accord with *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). The hearing officer held that the testimony and exhibits were allowed into the record because "they are part of the daily record keeping of both the CWEP work project and the CAO." Our review of the record reveals that the objected-to exhibits were Community Work Experience Project Participation and Attendance Forms. These attendance reports are sent to caseworkers at the CAO, in this case, Thomas' caseworker. Although properly objected to as hearsay, Thomas' testimony pertaining to his absences constitutes credible competent evidence and supports the hearing examiner's finding that Thomas did not properly report his absences and did not have good cause for his failing to report. *Compare Beard v. Department of Public Welfare*, 42 Pa. Commonwealth Ct. 393, 400 A.2d 1342 (1979).

165.23(e)(3)(ii) of the Manual. DPW concedes that the Manual requires only a 30-day sanction, but argues (1) this sanction conflicts with state and federal statutes and cannot be applied; (2) the 30-day sanction is a mistake which was not detected in the regulatory approval process; and (3) DPW received a waiver of certain federal requirements under the Social Security Act, 42 U.S.C. §1315, and that "[o]nce this waiver was granted, DPW had authority to implement the applicable Public Welfare Code provision. DPW therefore implemented the Public Welfare Code provision which provides for a sixty day sanction." Respondent's Brief at 12.

Our analysis on this issue begins with the Pennsylvania AFDC statutory and regulatory framework. Section 409 of the Social Security Act, *as amended,* 42 U.S.C. §609 provides for states to establish a community work experience program. Statutory authority for the Commonwealth's CWEP is found at Section 405.2 of the Public Welfare Code (Code), Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. §405.2, added by Section 5 of the Act of April 18, 1982, P.L. 231:

> (a) The department shall coordinate the establishment of community work projects by departments, agencies or institutions of the Commonwealth or any political subdivision located within the Commonwealth . . . and shall assign to these work projects cash assistance recipients for whom the Office of Employment Security has been unable to secure employment.
> . . .
>
> . . . .
>
> (d) A person who without good cause fails or refuses to accept assignment to and participate in a community work project shall be disqualified from receiving cash assistance for *sixty days* for the first violation and thereafter until such time he or she is willing to comply. . . .

(e) The department shall propose initial rules and regulations for the administration of this section prior to the effective date of this section. Neither initial rules and regulations nor any promulgated thereafter with regard to this section shall take effect without the approval of the General Assembly. (Emphasis added.)

In addition, Section 403(b) of the Code, 62 P.S. §403(b) authorizes the following:

(b) The department shall establish rules, regulations and standards, *consistent with the law,* as to eligibility for assistance and as to nature and extent. . . . The secretary or his designee in writing is the only person authorized to adopt regulations, orders or standards of general application to implement, interpret, or make specific the law administered by the department. The secretary shall issue interim regulations whenever changes in Federal laws and regulations supercede existing statutes. (Emphasis added.)

Section 451 of the Code, 62 P.S. §451 provides the following:

§451. Conformity with federal legislation
Notwithstanding any other provision of law, the department, with the approval of the Governor, may by regulation grant assistance to any persons, modify or discontinue any type of assistance and establish new types of assistance in order to insure receipt of Federal contributions for such assistance.

We shall now turn to federal law. Section 409(b)(3) of the Social Security Act, 42 U.S.C. §609(b)(3) provides that "[t]he provisions of section 602(a)(19)(F) of this title shall apply to any individual referred to a community work experience program who fails to participate in

such program in the same manner as they apply to an individual to whom section 602(a)(19) of this title applies."

Section 402(a)(19), 42 U.S.C. §602(a)(19) states:

(a)   Contents

A state plan for aid and services to needy families with children must—

(19)   provide—

. . . .

(F)   that if . . . any child, relative or individual has been found by the Secretary of Labor under section 633(g) of this title to have refused without good cause to participate under a work incentive program . . . , or to have refused without good cause to accept employment in which he is able to engage which is offered through the public employment offices of the State, or is otherwise offered by an employer if the offer of such employer is determined, after notification by him, to be a bona fide offer of employment—

. . . .

(ii)   if the parent who has been designated as the principal earner . . . makes such refusal, aid will be denied to all members of the family[.]

Federal regulations implementing 42 U.S.C. §602(a)(19) are found at 45 C.F.R. §§238.12—238.64. Sanctions are provided for at 45 C.F.R. §238.22 as follows:

§238.22   Sanctions

The State plan shall provide that where a mandatory CWEP participant has been determined to have failed or refused without good cause to participate in CWEP, the sanctions specified in §224.51 (and further described in §224.60) shall apply. Under this requirement the State plan

shall specify the criteria to be used in determining whether or not there was 'good cause' in refusing or failing to participate in CWEP.

Section 224.51, 45 C.F.R. §224.51 provides, in turn:

§224.51 Sanctions

A State plan . . . shall provide that:

(a) When an AFDC recipient, . . . has been found to have failed or refused without good cause to participate in the program or has terminated employment, or has refused to accept employment or reduced earnings without good cause, the following sanctions shall apply:

(1) For the first such occurrence the individual shall be deregistered for three payment-months.

(2) For the second and subsequent occurrences, the individual shall be deregistered for six payment-months.[6]

Section 234.60, 45 C.F.R. §234.60, also referred to in 45 C.F.R. §238.22 provides for protective, vendor and two-party payments for dependent children, circumstances not applicable to the instant case.

It is clear from a review of the above statutory and regulatory authority that DPW's implementing regulation providing for a 30-day sanction period conflicts with the 60-day sanction found in 62 P.S. §405.2. "[I]n any conflict between a statute and a regulation purporting to implement the statute's provisions, the regulation must, of course, give way." *Tiani v. Department of Public Welfare*, 86 Pa. Commonwealth Ct. 640, 642, 486 A.2d 1016, 1017 (1985). Accordingly, the sixty-day provision found at 62 P.S. §405.2 governs the sanction

---

[6] DPW received a federal waiver from these sanction periods pursuant to Section 1115 of the Social Security Act, 42 U.S.C. §1315. The waiver allows DPW to impose lesser sanctions than that required in 45 C.F.R. §224.51.

period. We hold the appropriate sanction to be assessed when an AFDC-CU principal wage earner fails, without good cause, to maintain employment or training is 60 days.[7]

Petitioners contend, however, that whatever sanction is assessed should only be assessed against the AFDC-CU principal wage earner and not the rest of the family unit. We are aware that "we must accord an administrative agency's interpretations of its own regulations controlling weight unless (1) that interpretation is plainly erroneous or inconsistent with the regulations or (2) unless the regulations are inconsistent with the underlying legislative scheme." *Montgomery County Geriatric and Rehabilitation Center v. Department of Public Welfare,* 75 Pa. Commonwealth Ct. 248, 254, 462 A.2d 325, 329 (1983). Petitioners argue that Section 405.2(d) of the Code addresses itself only to a *person* who without good cause fails to participate in a CWEP assignment, and that a person cannot mean a "family" for purposes of the sanction provisions. However, federal statutory authority and implementing regulations require that the sanction apply to all members of the family. 42 U.S.C. §602(a)(19)(F)(ii). The Commonwealth is required to follow the federal statutes and applicable federal regulations. *See Sutton v. Department of Public Welfare,* 66 Pa. Commonwealth Ct. 460, 444 A.2d 1332 (1982). *See also Department of Public Welfare v.*

---

[7] In light of our disposition on these issues, we need not address DPW's contentions that the 30-day sanction period was a mistake or DPW's waiver argument.

Thomas received a 60-day sanction, which we will affirm. Heaton received a 30-day sanction. Although DPW pointed out in its brief that Heaton's sanction should be 60-days, DPW has not asked this Court to modify its order. We will therefore affirm the 30-day sanction as to Heaton only.

*Molyneaux,* 498 Pa. 192, 197 n. 4, 445 A.2d 730, 733 n. 4 (1982) (Code incorporates federal law, regulations and requirements for eligibility into Commonwealth's administration of AFDC program).[8] A "person" can fail to maintain CWEP training without good cause: if that person also happens to be an AFDC-CU principal wage earner, benefits are denied to all members of the family in accordance with 42 U.S.C. §602(a)(19)(F)(ii). We cannot say that DPW's interpetation is plainly erroneous or inconsistent with the underlying legislative scheme.

Petitioners' last argument is that denying benefits to all members of the family deprives them of equal protection of the law. We disagree. Addressing a similar equal protection argument, our Supreme Court stated:

> In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed. 369.

*Perillo v. Department of Public Welfare,* 476 Pa. 494, 503-504, 383 A.2d 208, 213, *appeal dismissed,* 439 U.S. 999 (1978), quoting *Dandridge v. Williams,* 397 U.S. 471, 485 (1970). The Constitution does not preclude classification of recipients of Social Services so long as there exists a reasonable basis for distinction. *Korbel v. Department of Public Welfare,* 47 Pa. Commonwealth Ct. 632, 408 A.2d 910 (1979). Petitioners argue that 42

---

[8] Incorporation of federal law and regulations in DPW's administration of the AFDC program is necessary for Pennsylvania to qualify for federal funding. *Molyneaux.*

U.S.C. §602(a)(19)(F)(i) permits AFDC benefits to continue to the members of the family when a caretaker relative is found to have refused to comply with AFDC program requirements. Petitioners contend that there is no rational basis to deny benefits to the entire family when it is an AFDC-CU principal wage earner who refuses to participate. DPW, citing *Molyneaux*, asserts that there is no constitutional requirement that welfare benefits be extended to everyone who might need them and that the AFDC program, which restricts such benefits, is rational. DPW maintains that AFDC benefits are not required to be provided to a family where the principal wage earner refuses to comply with eligibility requirements.

We reiterate that federal law *requires* DPW to suspend benefits to the entire family on account of an AFDC-CU principal wage earner's failure to maintain training. 42 U.S.C. §602(a)(19)(F)(ii). "Congressional intent . . . was to limit the amount of federal funding required by providing assistance only when parental support is absent for reasons *beyond the parents' control. . . .*" *Molyneaux,* 498 Pa. at 199, 445 A.2d at 734 (emphasis added). Obviously, it is within a parent's control to comply with AFDC requirements. It is true, as Petitioners contend, that 42 U.S.C. §602(a)(19)(F)(i) provides for a family to continue to receive AFDC benefits despite a caretaker relative's refusal. However, whether or not the congressional decision to distinguish between AFDC recipients living with a principal wage earner and those living with a caretaker relative is wise or reasonable is not for this Court to determine but is rather an issue for that legislative body to consider. *Molyneaux.* Petitioners' equal protection argument must fail.

Accordingly, we affirm the decisions of DPW in the instant case.

ORDER IN 3026 C.D. 1984

The final order of the Pennsylvania Department of Public Welfare, dated November 1, 1984, at No. 28-0036354, is affirmed.

ORDER IN 1605 C.D. 1985

The final order of the Pennsylvania Department of Public Welfare, dated May 18, 1984, at No. 29-0004070, is affirmed.