# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia | : | |
| | : | |
| v. | : | No. 2385 C.D. 2014 |
| | : | Submitted: October 6, 2015 |
| Jihad Ali, | : | |
| Appellant | : | |

BEFORE:  HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
HONORABLE P. KEVIN BROBSON, Judge
HONORABLE ANNE E. COVEY, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  November 12, 2015**

Jihad Ali (Ali) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court), which denied Ali's motion for attorneys' fees and costs under Section 1304 of the Right to Know Law (RTKL).[1]  We now affirm.

On April 15, 2013, Ali filed a right to know request with the Philadelphia City Planning Commission (Commission).  (Reproduced Record (R.R.) at 21.)  Ali sought "[a]ll public records in the possession of the . . . Commission from 2003 to the present time relating to the revitalization and redevelopment of the 60th Street commercial corridor."  (*Id.* at 26.)  The Commission granted in part and denied in part Ali's request.  (*Id.* at 27-29.)

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. § 67.1304.

It produced responsive documents, but redacted from the documents information that the Commission determined to be (a) protected from public disclosure as confidential or proprietary under Section 708(b)(11) of the RTKL[2] or (b) subject to federal copyright protection.

Ali appealed the redactions as a denial of his RTKL request to the Office of Open Records (OOR). The OOR concluded that although the Commission appropriately redacted information subject to federal copyright protection, it failed to meet its burden with respect to redactions under Section 708(b)(11) of the RTKL. (*Id.* at 58-62.) Both the Commission and Ali appealed the OOR's determination, and the trial court consolidated the appeals for argument purposes.

After oral argument, the trial court issued separate orders on July 27, 2014, with respect to the Commission's appeal and Ali's appeal. With respect to the Commission's appeal, the trial court affirmed the OOR's determination that the Commission had failed to meet its burden with respect to redactions under Section 708(b)(11) of the RTKL. When the Commission did not appeal that order,[3] Ali filed a motion for attorneys' fees and costs with respect to the Commission's appeal. (*Id.* at 124, 127.)

---

[2] Act of February 14, 2008, P.L. 6, 65 P.S. § 67.708(b)(11) (providing that records that constitute or reveal confidential proprietary information are exempt from disclosure under the RTKL).

[3] The trial court also affirmed OOR's determination with respect to the redacted copyrighted information. Ali appealed that separate order to this Court. *See Ali v. Phila. City Planning Comm'n*, __ A.3d __, (Pa. Cmwlth., No. 1335 C.D. 2014, filed Oct. 1, 2015).

2

In both his motion and his brief in support of the motion, Ali argued that he was entitled to attorneys' fees under Section 1304 of the RTKL.[4]  Although generally identifying Section 1304 of the RTKL, Ali specifically contended that the Commission's denial of his RTKL request was based on an unreasonable interpretation of the law.  (*Id.* at 130, 140-46.)  Such a claim for attorneys' fees tracks the language in Section 1304(a)(2) of the RTKL, which only applies in cases where a trial court reverses a final determination of an OOR appeals officer.

---

[4] Section 1304 of the RTKL provides:

(a)  **Reversal of agency determination.--**If a court reverses the final determination of the appeals officer or grants access to a record after a request for access was deemed denied, the court may award reasonable attorney fees and costs of litigation or an appropriate portion thereof to a requester if the court finds either of the following:

(1)  the agency receiving the original request *willfully or with wanton disregard* deprived the requester of access to a public record subject to access or otherwise acted in *bad faith* under the provisions of this act; or

(2)  the exemptions, exclusions or defenses asserted by the agency in its final determination were *not based on a reasonable interpretation of law.*

(b)  **Sanctions for frivolous requests or appeals.--**The court may award reasonable attorney fees and costs of litigation or an appropriate portion thereof to an agency or the requester if the court finds that the legal challenge under this chapter was *frivolous*.

(c**)  Other sanctions.--**Nothing in this act shall prohibit a court from imposing penalties and costs in accordance with applicable rules of court.

(Emphasis added.)

Section 1304(a) of the RTKL. The trial court denied Ali's motion for attorneys' fees, and Ali filed a notice of appeal with this Court.[5]

Pursuant to Pa. R.A.P. 1925(b), Ali filed a statement with the trial court, in which he described the issue on appeal as whether "the lower court erroneously den[ied] . . . Ali's statutory claims for attorney fees and costs under [Section 1304 of the RTKL]." (R.R. at 160.) The trial court, analyzing its ruling in light of Section 1304(a) of the RTKL, issued an opinion, in which it concluded:

> The RTKL does allow for the reward of attorney's fees if a court reverses the final determination of the appeals officer or grants access to a record after a request for access was deemed denied. [Section 1304 of the RTKL.] In the instant case, this [c]ourt did not reverse the final determination of the appeals officer nor grant access to a record after a request for access was deemed denied. Indeed, the OOR granted [Ali] access to the requested records.

(Trial Ct. Op. at 3.)

Now on appeal to this Court from the trial court's denial of his motion for attorneys' fees, Ali contends for the first time that the trial court erred in refusing to award him attorneys' fees and costs under Section 1304*(b)* of the RTKL, which relates to sanctions for frivolous requests or appeals. Ali argues that the trial court denied his motion for attorneys' fees due to its analysis of his claim for attorneys' fees solely under Section 1304(a) of the RTKL. Ali maintains that the trial court was also required to apply Section 1304(b) of the RTKL to his claim

---

[5] "Because this case presents no factual dispute, our review is limited to determining whether the trial court abused its discretion, committed any error of law or violated any constitutional rights." *SWB Yankees LLC v. Wintermantel*, 999 A.2d 672, 674 n.2 (Pa. Cmwlth. 2010), *aff'd*, 45 A.3d 1029 (Pa. 2012).

4

for attorneys' fees, and, in failing to do so, the trial court erred. The Commission counters that Ali has waived his argument regarding Section 1304(b) of the RTKL, due to his failure to raise the issue before the trial court.

Pennsylvania Rule of Appellate Procedure 302(a) provides that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." "The purpose of requiring that objections or issues be raised prior to the appellate review stage is to ensure that the lower court or agency initially ruling on the questions has the opportunity to consider them." *Emerick v. Dep't of Pub. Welfare*, 407 A.2d 1378, 1380 n.6 (Pa. Cmwlth. 1979).

We agree that Ali failed to raise the issue of his entitlement to attorneys' fees under Section 1304(b) of the RTKL before the trial court. As noted above, in his motion for attorneys' fees and costs Ali cited only to Section 1304(a) of the RTKL. (R.R. at 130.) In the brief, although he quotes the entirety of Section 1304 of the RTKL, (*id.* 142-43), Ali's argument in support of his fee request centered on the unreasonableness of the Commission's "reliance on two legally deficient affidavits." (*Id.* at 144-45.) Ali contended that the Commission's denial of his request "was not based on a reasonable interpretation of law." (*Id.* at 146.) Ali repeatedly suggests that the unreasonableness of the Commission's denial justifies his entitlement to attorneys' fees and costs. (*Id.* at 145, 146.) Whether a denial is based on a reasonable interpretation of the law is relevant to the question of whether to award attorneys' fees and costs under the RTKL only under Section 1304(a)(2) of the RTKL.

In contrast, Section 1304(b) of the RTKL permits a common pleas court to award attorneys' fees and costs if it finds that a legal challenge under the RTKL was frivolous. With respect to the question of whether the Commission's

5

challenge was frivolous, Ali stated the following in his brief to the trial court: "[The Commission] opted to act unreasonably and file an appeal without any legal merit and which is even arguably frivolous." (*Id.* at 145.) Such a statement was insufficiently specific to raise and develop the issue before the trial court. Further, in his Pa. R.A.P. 1925(b) statement, Ali cited generally to Section 1304 of the RTKL rather than citing to a specific subsection and did not specifically assert that the appeal was frivolous. Given Ali's reliance on the unreasonableness of the Commission's interpretation of the law in addition to his failure to cite specifically to Section 1304(b) of the RTKL in his motion, his brief, or his 1925(b) statement, the trial court did not abuse its discretion in treating Ali's motion as a request for attorneys' fees under Section 1304(a) and not Section 1304(b).

Here, the trial court affirmed the OOR's final determination. Because a fee award under Section 1304(a) is only appropriate where the trial court reverses a final determination of the OOR, the trial court did not err in denying Ali's motion for attorneys' fees. Accordingly, we affirm the trial court's order.

_____
P. KEVIN BROBSON, Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia      :
                          :
           v.             :      No. 2385 C.D. 2014
                          :
Jihad Ali,                :
              Appellant   :

# **O R D E R**


AND NOW, this 12th day of November, 2015, the order of the Court of Common Pleas of Philadelphia County is hereby AFFIRMED.


 

_____
P. KEVIN BROBSON, Judge