Automobile Service Councils of Pennsylvania et al., Petitioners *v.* Thomas D. Larson, Secretary of Department of Transportation et al., Respondents.

48

Argued January 31, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and BARRY.

*Joel Weisberg,* for petitioners.

*Gregory R. Neuhauser,* Deputy Attorney General, with him *Allen C. Warshaw,* Deputy Attorney General, Chief of Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 25, 1984:

Automotive Service Councils of Pennsylvania, the Pennsylvania and Delaware Service Station Dealers Association and Gordon Lewis, trading and doing business as Gordie's Auto Service (Petitioners) and Thomas D. Larson, Secretary of the Department of Transportation and the Department of Transportation (DOT) file cross-motions for summary judgment.

We grant petitioners' motion for summary judgment and deny respondents' motion for summary judgment.

On July 23, 1983, DOT published amendments to regulations governing the automobile emission inspection program.[1] Petitioners allege that the promulgation of these regulations did not comply with statutory requirements.

The issue before us is whether the regulations were properly promulgated under Section 204 of the Commonwealth Documents Law.[2]

We have previously held that regulations not properly promulgated under this Act are a nullity. *Burlington Homes, Inc. v. Kassab,* 17 Pa. Commonwealth Ct. 329, 332 A.2d 575 (1975); *Newport Homes, Inc. v. Kassab,* 17 Pa. Commonwealth Ct. 317, 332 A.2d 568 (1975). Section 204, however, allows an agency to omit notice of proposed rule making when circumstances are such that notice would be "impracticable, unnecessary or contrary to the public interest."[3] DOT argues that this statutory exception is applicable. It contends that the comment period was omitted in order to comply with a federal court

---

[1] 67 Pa. Code §177.21-49.

[2] Act of July 31, 1968, P.L. 769, *as amended,* 45 P.S. §1204. Although the Commonwealth Documents Law is no longer the official name of the Act, we use it for the sake of convenience.

[3] Section 204 of the Act provides, in pertinent part:

[A]n agency may omit or modify the procedures specified in sections 201 and 202, if:

. . . .

(3) The agency for good cause finds (and incorporates the finding and a brief statement of the reasons therefor in the order adopting the administrative regulations or change therein) that the procedures specified in sections 201 and 202 are in the circumstances impracticable, unnecessary, or contrary to the public interest.

order which stated that the regulation must be adopted by August 1, 1983. DOT asserts that, due to the court-imposed time constraints, the comment period was unnecessary.

Conversely, petitioners argue that DOT's lack of notice was not proper. They contend that DOT does not fall within the exception to the requisite thirty-day comment period.[4] We agree.

The regulations were in final form and submitted to the Department of Aging by June 2, 1983. DOT could have published the regulations for comment at this time, yet it waited until July 23, 1983. Since there was sufficient time and opportunity to submit the regulations for the prescribed thirty-day comment period, DOT cannot claim that the period was unnecessary due to time limitations set by the federal court.

DOT also argues that, even if the petitioners were allowed the comment period, it is doubtful they could present additional comments which would be successful in changing DOT's decision to use a particular type of equipment in the auto emission inspection program.[5] Yet the ultimate outcome of the equipment dispute is not of paramount importance. Our major concern is that state law has established certain required procedures for providing notice of proposed rule making. These procedures are designed to provide parties with a fair opportunity to present their position whether or not they will ultimately prevail. A bypass of the Commonwealth Documents Law's notice provisions would significantly limit the public's input as to future proposed regulations. We

---

[4] Section 203 of the Act, 45 P.S. §1201, requires the thirty-day comment period.

[5] Petitioners favor the use of BAR-74 equipment over BAR-80-ADC equipment which was chosen by DOT.

therefore hold that this regulation, not being properly promulgated, is a nullity.

Petitioners' motion for summary judgment is granted. Respondents' motion for summary judgment is denied.

ORDER

Upon consideration of the cross-motions for summary judgment of petitioners and respondents, the petitioners' motion for summary judgment is granted and the respondents' motion for summary judgment is denied.