601 A.2d 401

**Richard Eugene JEFFERS, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 1991.

Decided Dec. 11, 1991.

Frank W. Ittel, Jr., for appellant.

Timothy P. Wile, Asst. Counsel in charge of Appellate Section, for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

PALLADINO, Judge.

Richard Eugene Jeffers (Jeffers) appeals an order of the Court of Common Pleas of Allegheny County (trial court) which dismissed his appeal from an order of the Department of Transportation, Bureau of Driver Licensing (DOT). DOT suspended Jeffers' driving privileges pursuant to Section 1547(b) of the Vehicle Code, 75 Pa.C.S. § 1547(b) (refusal to submit to a chemical test). Jeffers appealed to the trial court.

A de novo hearing was held and the facts with respect to the refusal are not in dispute. Jeffers was arrested for driving under the influence, was asked to take two chemical tests, and was warned that his refusal to take these tests would result in a license suspension. Jeffers took one breath test, but refused to submit to a second breath test. No testimony was submitted by Jeffers before the trial court. Jeffers argued that the regulation which requires that a licensee submit to two breath tests was invalid because it was not properly promulgated, and therefore, Jeffers' license could not be properly suspended for Jeffers' failure to submit to two breath tests. The trial court dismissed Jeffers' appeal.

On appeal to this court, Jeffers contends that his license suspension was improper because it was based on an improperly promulgated regulation, namely, 67 Pa.Code § 77.-24(b) (regulation). In pertinent part, the regulation states that "[t]he procedures for alcohol breath testing shall include, at a minimum, ... [t]wo consecutive breath tests, without a required waiting period between the two tests." *Id.*

Jeffers argues that the regulation is a nullity because the Departments of Health and Transportation, which promulgated the regulation, illegally proceeded under section 204 of what is popularly known as the Commonwealth Documents Law (CDL),[1] 45 P.S. § 1204, when they first promulgated the regulation. Jeffers contends that there was nothing in the regulation, or in the statements which accompanied the regulation when it was published in the Pennsylvania Bulletin, which supports the theory that it was in the public interest to promulgate the regulation without following the notice provisions set forth in sections 201 and 202 of the CDL, 45 P.S. §§ 1201–1202. Jeffers argues that it is most difficult to ascertain the public interest that was advanced by the regulation. Jeffers does not agree that there was an emergency situation to be remedied.

1. Provisions of the CDL are found at Act of July 31, 1968, P.L. 769, *as amended,* 45 P.S. §§ 1102–1208, and 45 Pa.C.S. §§ 501–907.

DOT counters that the regulation is presumed valid because it was published in the Pennsylvania Code and that, pursuant to section 905 of the CDL, 45 Pa.C.S. § 905, publication in the Pennsylvania Code creates a rebuttable presumption concerning the propriety of the regulation's promulgation. Section 905 of the CDL provides as follows:

**§ 905. Presumptions created**

The publication in the code, the permanent supplements thereto, or the bulletin of any *document* shall create a rebuttable presumption:

(1) That it was duly issued, prescribed or promulgated.

(2) That it was approved as to legality, if so required by 2 Pa.C.S. § 305 (relating to approval as to legality by the Department of Justice).

(3) That all requirements of Subchapter A of Chapter 3 of Title 2 (relating to regulations of Commonwealth agencies) and of this part and the regulations promulgated thereunder applicable to such document have been complied with.

(Emphasis added.)

The word "document" is defined as follows in section 501 of the CDL, 45 Pa.C.S. § 501:

**"Document."** Any proclamation, executive order, executive directive or similar instrument promulgated by the Governor, and any other order, *regulation*, rule, statement of policy, adjudication, certificate, license, permit, notice or similar instrument issued, prescribed, or promulgated by or under the authority of this Commonwealth. The term shall also include any home rule charter heretofore or hereinafter adopted by the electors of any part of this Commonwealth or any optional plan of government.

(Emphasis added).

Consequently, Jeffers has the burden of rebutting the presumption. Before the trial court, Jeffers did not specify in what way the Departments had violated the provisions of the CDL by proceeding under section 204 of that law. On appeal, Jeffers argues that there was no emergency situa-

tion which required that the Departments proceed under section 204 of the CDL. Jeffers argues that this court's decision in *Automobile Service Councils v. Larson,* 82 Pa.Commonwealth Ct. 47, 474 A.2d 404 (1984) is controlling and that under *Larson,* this court should hold that the regulation is a nullity.

In *Larson,* the Department of Transportation promulgated automobile emission inspection regulations using the procedure set forth in section 204. The Department's reason for forgoing the notice provisions of sections 201 and 202 was the federal requirement that the regulations be promulgated by a certain date. This court held that the regulations were a nullity because the Department could have followed the notice procedures in sections 201 and 202 and still have met the federal deadline.

*Larson* can be distinguished from the case at bar in two significant ways. First, unlike the procedure in *Larson* in which the Department gave the public no opportunity for comment, the Departments in this case gave the public thirty days in which to comment upon the regulation. Second, there is no evidence here, as there was in *Larson,* that the Departments could have complied with the notice period because in this case, unlike in *Larson,* there was an emergency situation which required immediate action.

The history of the promulgation of the regulation is as follows. In 1982, the legislature amended section 1547(c)(1) of the Vehicle Code, 75 Pa.C.S. § 1547(c)(1), to provide that "chemical tests of breath shall be performed on devices approved by the Department of Health using procedures prescribed jointly by the departments of Health and Transportation." This is the statutory authority under which the Departments promulgated the regulation.

The regulation was promulgated as an amendment to a series of regulations which had been promulgated by the Departments two months earlier, on December 22, 1984 (permanent regulations); see 14 Pa.B. 4599 (1984).

In promulgating the regulation, the Departments proceeded under section 204 of the CDL which provides for omission of notice of proposed rulemaking when "the agency for good cause finds (and incorporates the finding and a brief statement of the reasons therefore in the order adopting the administrative regulation or change therein) that the procedures specified in sections 201 and 202 are in the circumstances impracticable, unnecessary, or contrary to the public interest."

The Departments published the following finding and statement in the Pennsylvania Bulletin, in compliance with section 204:

Under section 204(3) of the CDL (45 P.S. § 1204(3)), the Department finds that compliance with the procedures for notice and comment set forth in sections 201 and 202 of the CDL (45 P.S. §§ 1201 and 1202) would be contrary to the public interest for the amendments adopted by this order. These amendments are necessary to clarify the Departments' breath test device regulations adopted at 14 Pa.B. 4599 (December 22, 1984). These amendments are necessary to the enforcement of Act 289 of 1982, 75 Pa.C.S. § 1547(c)(1), and will help to facilitate the effective prosecution of drunken driving offenses. It is of great importance to the administration of justice, and the public at large, that regulations governing breath testing procedures produce blood alcohol readings that are as accurate as possible. The amendments to these regulations are expected to enhance the accuracy of testing for blood alcohol, and to diminish the possibility of individual or collective attempts to set aside the results from breath test devices, which attempts could impair the effectiveness of the Commonwealth's drunk driving enforcement program. Therefore, it would not be in the public interest to delay the effectiveness of this regulation, and the Departments have adopted these amendments without prior notice of proposed rulemaking. Comments on these amendments may, however, be submitted within 30 days of their publication to the contact person at the Depart-

ment of Transportation, whose name, address and telephone number are set forth below....

15 Pa.B. 681 (1985).

Following the above statement in the Pennsylvania Bulletin were certifications from the secretaries of the two Departments and from former Governor Richard L. Thornburgh stating that immediate adoption of the regulation was necessary to facilitate prosecution of drunk driving cases. Governor Thornburgh stated that the amendments were necessary to "meet an emergency situation" and that "any delay in implementing these changes poses a potential risk to public health and safety". 15 Pa.B. 683 (1985). The regulation was then published in the Pennsylvania Code. It was readopted along with the permanent regulations on January 13, 1990. 20 Pa.B. 211 (1990).

Jeffers has not rebutted the Departments' finding and statement that there existed an emergency situation which required that the Departments proceed under section 204.

In light of the distinctions between the case at bar and *Larson*, and in light of Jeffers' failure to rebut the presumption of valid promulgation, we hold that the regulation was properly promulgated and that Jeffers' license was properly suspended for noncompliance with the breath tests required by the regulation.

Accordingly we affirm.

ORDER

AND NOW, December 11, 1991, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.