617 A.2d 43

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant,

v.

CENTURY III CHEVROLET, INC., Appellee.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 10, 1992.

Decided Aug. 13, 1992.

Publication Ordered Nov. 16, 1992.

Timothy P. Wile, for appellant.

Robert L. Schneider, Jr., for appellee.

Before DOYLE and FRIEDMAN, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles (DOT) appeals from an order of the Allegheny County Court of Common Pleas sustaining the appeal of Century III Chevrolet, Inc. (Century III) from a DOT order suspending Century III's dealer registra-

tion plates and authority to issue temporary registration plates for one month. DOT argues that because Century III admitted two of the violations which led to the suspension order, the trial court's order must be reversed and the suspension upheld. DOT also argues that it presented evidence sufficient to shift the burden of proof to Century III and that it was entitled to rely upon a presumption that the postal service delivers mail within a reasonable time after the mail is posted. We agree with DOT's first argument and reverse.

The undisputed facts may be summarized as follows. On August 4, 1989, DOT issued a warning letter to Century III, advising that Century III had twice violated the requirement of 75 Pa.C.S. § 1103(d)[1] that dealers timely submit vehicle title applications. On August 16, 1991, DOT suspended Century III's dealer registration plates and authority to issue temporary vehicle registration based upon its determination that Century III had violated 75 Pa.C.S. § 1103.1 eight times by failing to submit title applications within 20 days after the date a vehicle was purchased. Century III appealed the suspension to the court of common pleas.

At the appeal hearing, Century III admitted two of the violations charged[2] and did not contest the sufficiency of the August 4, 1989, warning letter. As to a third violation, DOT presented evidence that a car was purchased at Century III on October 8, 1990, DOT received the title application on December 4, 1990 and one of the two checks accompanying the application was dated November 29, 1990. For the remaining five violations DOT presented evidence as to the purchase

1. 75 Pa.C.S. § 1103(d) which required submission within 10 days of the date of purchase, was repealed by the Act of June 30, 1990, P.L. 266. The current section governing the title application period appears at 75 Pa.C.S. § 1103.1 and provides that the dealer shall mail or deliver the title application to DOT within 20 days of the date a vehicle is purchased.

2. Specifically, Century III admitted that it did not mail the title application for a truck purchased September 27, 1990 until November 7, 1990. That application was received by DOT on November 13, 1990. Another car was purchased on October 16, 1990; Century III admitted mailing the title application on November 29, 1990. DOT received that application on December 4, 1990.

dates of the vehicles and the date DOT received the title applications. DOT was unable to establish the dates on the checks accompanying these five applications.

The trial court determined that DOT had failed its burden as to the six contested violations, held the two admitted violations to be *de minimis* and sustained Century III's appeal. The entire opinion disposing of the appeal is as follows:

> This is a case involving suspensions for temporary registration cards and dealer plates. Defendant concedes that twice the appropriate information was not mailed or delivered. In the other six instances, the Defendant maintains that he (sic) mailed the appropriate information and that the Commonwealth has no evidence that it was not mailed.
>
> We find the two admitted instances to be de minimis infractions and so we will sustain the appeal.

While this opinion does not discuss either the shifting burden of proof or the presumption issue argued here by DOT, it does provide sufficient information to address the issue of the two admitted violations. Thus, it is not necessary to remand the case for an explanation of the trial court's rulings on the evidentiary issues DOT presents. See, *Appeal of Mellon Bank, N.A.*, 78 Pa.Commonwealth Ct. 463, 467 A.2d 1201 (1983) (where rationale for decision is minimally apparent from the record remand is not necessary).

■■■ When reviewing a DOT suspension, the trial court is confined to an examination of whether or not the person charged committed the violation at issue. *Department of Transportation v. Verna*, 23 Pa.Commonwealth Ct. 260, 351 A.2d 694 (1976). A trial court may only modify the penalty imposed by DOT if it reaches different findings of fact and conclusions of law after a *de novo* review. *Department of Transportation v. Ede Motor Co.*, 107 Pa.Commonwealth Ct. 107, 527 A.2d 632 (1987). Thus, the trial court could not modify the suspension imposed here unless it determined that Century III did not commit the violations charged. Century III admitted 2 violations; as discussed below, this is sufficient to uphold the suspension.

■ DOT argues that once a violation of § 1103.1 is established, it has no discretion and must impose a one month suspension for each violation. The penalty provisions for violations of § 1103.1 are governed by regulation. For the first offense of failure to timely submit title applications DOT may suspend the dealer's authority to issue temporary registration cards and plates for one month. 67 Pa.Code § 43.-11(a)(4). Likewise, DOT may suspend the use of dealer registration plates for one month for the first offense of failure to timely submit title applications. 67 Pa.Code 53.9(a)(12).

Century III argues that use of the word "may" in the regulation allows DOT discretion in imposing a penalty for violation of § 1103.1. It also argues that, because the trial court found only two violations, it reached different findings of fact and was free to modify the penalty imposed by DOT. There are two flaws to this reasoning. First, it is premised upon the assumption that DOT has discretion in deciding whether to impose a penalty for a violation. Second, this argument presupposes that the one month suspension is a single penalty imposed for all eight violations rather than eight one month suspensions imposed for eight separate violations.[3] We cannot agree with either premise.

It is clear that in certain instances "may" can mean "shall" and "shall" can mean "may". *Hotel Casey v. Ross*, 343 Pa. 573, 23 A.2d 737 (1942). The term "may" appears in 67 Pa.Code § 43.11 four times. Twice it is used in connection with the phrase "in its [DOT's] discretion"; twice it stands alone. The term "may" appears in 67 Pa.Code § 53.9 three times. Twice it is used in connection with the phrase "in its [DOT's] discretion"; once it stands alone. Were we to hold that the term "may" confers discretion every instance it is used we would effectively render the phrase "in its discretion"

---

3. Century III acknowledges that eight separate penalties were imposed for each violation. (Appellee's brief at 13–14). We see no consistency in this admission and the argument that the trial court could treat the suspension as a single penalty imposed for all eight violations and then reduce the suspension because it found only two violations. We are forced to conclude from the substance of Century III's argument that they interpret DOT's suspension order as one penalty for eight violations.

superfluous. We cannot so construe a regulation. 1 Pa.C.S. § 1921(a) made applicable to regulations by 1 Pa.C.S. § 1502(a)(1)(ii).

■ We are likewise precluded from construing the DOT suspension order as a single one month penalty imposed for eight violations. Although the suspension order is silent on this issue, the regulations provide that, when considering multiple violations, DOT will impose separate penalties for each violation. 67 Pa.Code §§ 43.11(c), 53.9(d).[4] Those sections provide DOT with discretion as to whether the suspensions imposed will be served concurrently or consecutively. Because the regulations require DOT to impose separate penalties for each violation, we can only conclude that the suspension order is actually eight one month suspensions to be served concurrently.

Having concluded that there are eight separate penalties involved, the trial court's error is clear. Century III admitted two of the violations charged. The trial court was not free to conclude that these violations were *de minimis*. *Ede Motor*, 107 Pa.Commonwealth Ct. at 110, 527 A.2d at 634. Thus, regardless of the different findings as to the remaining six violations, the suspension imposed for the two admitted violations must be upheld.

Reversed.

## ORDER

NOW, August 13, 1992, the order of the Allegheny County Court of Common Pleas entered at SA 2580 of 1991 on October 30, 1991 is reversed.

---

4. Although § 43.11(c) uses the term "may" instead of the term "will" which appears in § 53.9(d), it is not used with the phrase "in its discretion" and so carries a mandatory rather than discretionary connotation as discussed above.