COMMONWEALTH of Pennsylvania, Department of Transportation

v.

COLONIAL NISSAN, INC., Appellant.

Commonwealth of Pennsylvania, Department of Transportation

v.

Colonial Nissan, Inc., Appellant.

Commonwealth Court of Pennsylvania.

Submitted Feb. 6, 1997.
Decided March 20, 1997.

Before DOYLE, SMITH, JJ., and NARICK, Senior Judge.

## OPINION

NARICK, Senior Judge.

This appeal presents the issues of: 1) whether the Department of Transportation, Bureau of Motor Vehicles (DOT) properly considered "relevant mitigating events" in assessing penalties against an automobile dealer for its failure to properly deliver certificates of title pursuant to Title 75 Pa.C.S. § 1374(a)(5);[1] 2) whether a conflict between the prescribed number of days for delivery of documents under the regulations and under the statute invalidates the suspension provisions of the statute; and 3) whether the Court of Common Pleas of Bucks County (trial court) abused its discretion in declining to modify the penalty imposed against an automobile dealer for failing to timely file title application by DOT where it reached no different findings and conclusions of law after *de novo* review.

Colonial Nissan, Inc. (Colonial) appeals two orders of the trial court dated November 16, 1995 which denied its statutory appeals from a monetary penalty and a suspension of its authorization to issue temporary cards and plates for one month, imposed by DOT for failure to properly deliver certificates of title. We affirm.

The facts elicited at the *de novo* hearing on Colonial's statutory appeal are summarized as follows. On September 9, 1992, DOT issued Colonial a warning for eight (8) "first offense" violations of 67 Pa.Code § 43.11(a)(I)(4) (Pa.Code)[2] and 67 Pa.Code

Lawrence R. Wieder, Harrisburg, for appellant.

Marc A. Werlinsky, Assistant Counsel, and Timothy P. Wile, Assistant Counsel In–Charge, for appellee.

1. Section 1374(a) of the Vehicle Code (Vehicle Code), 75 Pa.C.S. § 1374, provides in pertinent part:

   (a) **Suspension or revocation after opportunity for hearing.**—The department may impose a monetary penalty for certain violations and offenses as prescribed by regulation or this section or suspend or revoke registration plates for dealers, manufacturers or members of the "Miscellaneous Motor Vehicle Business" class after providing an opportunity for a hearing in any of the following cases when the department finds upon sufficient evidence that:

   \* \* \* \* \* \*

   (5) The registrant has failed to deliver to a transferee lawfully entitled thereto or to the department, when and as required by this title, a properly assigned certificate of title.

2. Section 43.11(a)(I)(4) of the Pa.Code provides that after providing an opportunity for hearing, the Department may impose suspensions or sanctions upon an agent upon finding that the issuing agent has issued temporary plates but has not delivered proper documents or fees and taxes to DOT within the prescribed period of time.

§ 53.9(a)(12) [3] relating to the issue of registration plates on eight (8) vehicles purchased in June of 1992 but not received by DOT until August of that year. The warning explicitly stated that any future infractions in the operation of the dealership/agency would result in suspension of its dealer plates and its certificate of authorization to issue temporary plates.

The problem continued and in May of 1993, DOT gave Colonial notice of "second offense" on both counts and a hearing was conducted that December regarding a total of 133 individual violations. After a hearing, DOT issued two orders dated February 28, 1994. One order suspended Colonial's authorization to issue temporary cards and plates for one month pursuant to Section 43.11(a)I(4) of the Pa.Code. The other order found no sufficient mitigating events to warrant exoneration or reduction of the penalty and imposed the maximum fine of $100 for each of the 133 second offense violations.

Colonial appealed, and the trial court held a *de novo* hearing on June 2, 1994. At the statutory appeal hearing, it was undisputed that documentation had been submitted beyond twenty days of purchase for 133 separate vehicle registrations.[4] The trial court then offered the opportunity to present evidence of mitigating factors. Colonial's vice president, William Stamps, testified that he

was aware of the "first offense" letter but had not become aware that Colonial's only title clerk had fallen behind on processing submissions until Colonial received the "second offense" notice from DOT. He testified that he knew that the title clerk had missed work because she was pregnant and that he had replaced her in February 1993, after Colonial received the "second offense" notice, but he felt that no further clerical support was needed so long as he permitted her to work from home. Colonial also objected, and the parties stipulated, that DOT had not presented any written guidelines regarding mitigating events. On November 16, 1994, the trial court denied both appeals and reinstated the penalties and suspension as entered by DOT.[5] Colonial now appeals.[6]

■ Colonial's first argument is that it was denied due process because no written guidelines for mitigating events were considered by the trial court. It argues that written guidelines are mandated by Section 1374 [7] of the Vehicle Code and are essential if Colonial is to be given proper notice and a meaningful opportunity to be heard. We do not agree.

Sections 1374(e) and (f) of the Vehicle Code specifically provide that a court will consider "mitigating events" until such time as the regulations authorized by subsection

---

3. Section 53.9(a)(12) of the Pa.Code provides that after a hearing the Department may impose suspensions on a registrant where the registrant has failed to deliver to a lawfully entitled transferee or to DOT, when and as required by law, a properly assigned certificate of title.

4. Colonial admitted that all 133 document submissions at issue exceeded twenty days from the date of purchase and DOT introduced properly authenticated documentation, marked exhibit C–1, which detailed the individual history of the 133 vehicles purchased between July 17, 1992 and May 6, 1993. (49a, 22a, 24a.)

5. The trial court initially remanded to DOT for further consideration of relevant mitigating events in accordance with Section 1374(b) of the Vehicle Code, but on agreement of counsel, it vacated its order for remand.

6. Our scope of review is limited to a determination of whether findings below are supported by substantial evidence, whether an error of law has been committed or whether an abuse of discre-

tion has occurred. *Philadelphia Honda, Inc. v. Department of Transportation*, 666 A.2d 349 (Pa. Cmwlth.1995).

7. Sections 1374(b), (e) and (f) of the Vehicle Code provide in pertinent part:

> **(b) Mitigating events.**—The opportunity for a hearing as authorized by subsection (a) shall include the consideration of relevant mitigating events as prescribed by regulation for violations and offenses of subsection (a)(2), (5) and (7).
> **(e) Hearing.**—Until regulations are prescribed by the department as authorized by subsection (b), the hearing shall include the consideration of relevant mitigating events for a violation of subsection (a)(5).
> **(f) Interim regulations.**—Until such regulations are prescribed by the department as authorized by subsections (a) and (b), the applicable departmental regulations as currently promulgated shall remain in full force and effect, except as specifically superseded by the provisions of subsections (c), (d) and (e).

(b) can be properly promulgated. It is the proper function of an administrative agency to interpret a statute for which it has enforcement responsibility and such interpretation is entitled to great deference and will not be overturned unless clearly erroneous, *Gary Barbera Dodge, Inc. v. Department of Transportation, Bureau of Motor Vehicles*, 670 A.2d 1186 (Pa.Cmwlth.1995). DOT's interpretation of what constitutes a mitigating event has been sufficiently tested in this Court. *Philadelphia Honda.*

For the purposes of Section 1374 of the Vehicle Code, our Court in *Philadelphia Honda* has upheld DOT's interpretation of "relevant mitigating event" as "something that is beyond the control of the motor vehicle dealer, that is significant and of such a nature that it moderates and lessens the consequences of the late title submissions." *Id.* 666 A.2d at 352. In that case we found that this standard had not been met where the dealer entrusted title documents to an independent courier who failed to deliver them within the prescribed period, because the dealer could have remedied the situation had it hired personnel to check or assist in processing the application. *Id.* at 352, fn. 5.

In the present case, Colonial was properly put on notice that there was a problem when DOT issued a "first offense" warning in September of 1992, yet it took no action to check on or assist its only title clerk in her processing of applications during the nine month period at issue. It did so despite knowledge that the clerk was pregnant and no longer able to work on-site. It was clearly within Colonial's control to remedy the situation at any point by simply exercising oversight and hiring additional needed clerical personnel, yet it chose to do nothing until nine months later when it was cited for second offenses.

Consequently, we are satisfied that the trial court afforded Colonial adequate notice and opportunity to defend its claim of mitigating factors, and the trial court's findings and conclusions on mitigating events were both supported by evidence in the record and consistent with our holding in *Philadelphia Honda.*

■ Colonial further argues that suspension in this case cannot issue because, at the time this case was decided, an irreconcilable conflict existed between the DOT regulation in Section 43.11(a)(4) of the Pa.Code and Section 1103.1(d) of the Vehicle Code. It points out that the regulation found in Section 43.11(a)(4) of the Pa.Code, at that time, mandated that the issuing agents forward registration documents within ten days of purchase, while issuing agents who were dealers were permitted twenty days to forward applications for title by Section 1103.1(d) of the Vehicle Code. Colonial argues that since the law prohibits registration of a vehicle before it has been titled, applying for title pursuant to the regulation where both registration and titling are necessary would require a meaningless act for the sole purpose of technical compliance with the law.[8]

Our review indicates that the aforementioned discrepancy arose because the Legislature amended the statute without a corresponding amendment to the regulation. Although 67 Pa.Code § 21 was ultimately amended to change its prescribed period for compliance from ten days to twenty days to alleviate any discrepancy between the two provisions,[9] it is clear from a review of the above statutory and regulatory authority, as it existed at the time, that the implementing regulation prescribing ten (10) days for compliance was in conflict with the twenty (20) day provision found in Section 1103.1(d) of the Vehicle Code.

**8.** Within this section of Colonial's argument, it also included what it termed a double-jeopardy argument, reasoning that there is no reason to suspect that the General Assembly intended to allow DOT to sanction a dealer twice for the same application. This Court has disposed of this issue in *Morabito's Auto Sales v. Department of Transportation*, 688 A.2d 1249 (Pa.Cmwlth., 1997), where we held that each violation carries its own penalty, and the imposition of the monetary penalty for failure to deliver title applications does not prevent suspension of authority to issue temporary registration cards and plates for failure to deliver the proper registration documents and fees.

**9.** *See* 23 *Pa. B.* 3347 (1993).

■ Where there is a conflict between the statute and a regulation purporting to implement the provisions of that statute, the regulation must give way. *Heaton v. Commonwealth Department of Public Welfare*, 96 Pa.Cmwlth. 195, 506 A.2d 1350 (1986). Accordingly, the twenty (20) day provision found at Section 1103.1(d) of the Vehicle Code governs the period prescribed for compliance. Inasmuch as all 133 violations exceeded the twenty (20) days thus prescribed under the statute, we nonetheless conclude that any inadvertence on the part of the Legislature in this regard did not render the suspension invalid, and the trial court therefore reached the appropriate result.

■ Finally, Colonial argues that it was an abuse of discretion for the trial court to rely on our decision in *Department of Transportation v. Century III Chevrolet, Inc.,* 151 Pa.Cmwlth. 32, 617 A.2d 43 (1992) [10] because subsequent to that decision, the language of Section § 43.11 of the Pa.Code was changed. We cannot agree.

In the present case, DOT proceeded with adoption of the contested amendments under Section 204 of the Commonwealth Documents Law. Its publication in the *Pennsylvania Bulletin* expressly stated that DOT was merely readopting 67 Pa.Code §§ 43.1–43.13 "as they presently exist in the *Pennsylvania Code* pages 43–1 to 43–17", and these actions "do not enlarge the scope of existing regulations, and that the procedures specified in Sections 201 and 202 of the CDL, in the circumstances are unnecessary and contrary to the public interest." [11] When the Pa.Code section appeared in publication on January 1, 1994, however, the text showed modifications from the earlier Pa.Code version. DOT sub-sequently discovered the discrepancy and corrected it retroactively by corrective amendment effective January 1, 1994, the date the defective text was announced in the *Pennsylvania Bulletin.* [12]

It is clear to this Court that the reasons which DOT cited in its January 6, 1990 announcement to justify proceeding under Section 204 of the Commonwealth Documents Law were defeated by the errors inadvertently contained in the January 1, 1994 publication and the subsequent corrective amendments of October 1994 make it obvious that adherence to the normal notice and comment procedures was far from "unnecessary."

The process by which regulations are promulgated provides an important safeguard against the unwise or improper exercise of discretionary administrative power and includes public notice of a proposed rule, request for written comments, consideration of such comments, and hearings as appropriate. *Brinson v. Department of Public Welfare,* 163 Pa.Cmwlth. 408, 641 A.2d 1246 (1994). We recognize that publication of a document in the Pa.Code creates a rebuttable presumption that the document was duly promulgated and that all applicable regulations were followed. [13] Nonetheless, the Commonwealth Documents Law, Act of July 31, 1968, P.L. 769, *as amended,* 45 P.S. §§ 1101–1602 [14] specifically requires proper notice and comment before adoption of an agency rule. Sections 201–202 of the Commonwealth Documents Law, 45 P.S. §§ 1201–1202. In cases where such notice may be "impracticable, unnecessary or contrary to the public interest," Section 204 of the Commonwealth Documents Law allows an agency to omit notice of proposed rule making. [15] Even where a de-

---

10. *Century III Chevrolet* stood for the proposition that the trial court may only modify the penalty imposed by DOT upon an automobile dealer for failing to timely file title application if the trial court reaches different findings and conclusions of law after a *de novo* review.

11. *See* 20 *Pa. B.* 1 (1990).

12. *See* 24 *Pa. B.* 5314 (1994).

13. 45 Pa.C.S. § 905.

14. Section 101 of the Commonwealth Documents Law, 45 P.S. § 1101, which constituted the short title to the Commonwealth Documents Law, was repealed by the Act of July 9, 1968, P.L. 769, 877. In the absence of a new title, we continue to refer to Sections 1101–1611 with the original short title.

15. Section 204 of the Commonwealth Documents Law provides, in pertinent part:

[A]n agency may omit or modify the procedures specified in section 201 and 202 if:

\*　　\*　　\*　　\*　　\*　　\*

(3) The agency for good cause finds (and incorporates the findings and a brief statement

partment has proceeded under Section 204 of the Commonwealth Documents Law, we have held that regulations not properly promulgated are a nullity. *Automotive Service Councils of Pennsylvania v. Larson,* 82 Pa. Cmwlth. 47, 474 A.2d 404 (1984).

In *Larson,* DOT promulgated inspection regulations using the procedures set forth in Section 204 of the Commonwealth Documents Law. The stated reasons for forgoing the notice provisions of Sections 201 and 202 of the Commonwealth Documents Law was the federal requirement that the regulations be promulgated by a certain date. This Court held that the regulations were a nullity because DOT could have followed the appropriate notice procedures and still met the federal guidelines.

Applying our decision in *Larson* to the facts of this case, we thus conclude that the regulations published in the Pa.Code on January 1, 1994 were not properly promulgated and therefore null and void. Whereas *Century III* therefore remains a proper precedent, and insofar as we find that the trial court committed no abuse of discretion or error of law in applying it to this case, we affirm the trial court's one-month suspension.

For the aforementioned reasons, we affirm.

### ORDER

AND NOW, this 20th day of March, 1997, the orders of the Court of Common Pleas of Bucks County in the above-captioned cases are hereby affirmed.

of the reasons therefor in the order adopting the administrative regulations or change therein) that the procedures specified in sections 201 and 202 are in the circumstances impracticable, unnecessary, or contrary to the public interest.