IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Human Relations : 
Commission, on behalf of : 
Tia Hixon, : 
  : 
            Plaintiff : 
  : 
         v. : No. 338 M.D. 2023
  : Argued: June 4, 2024
Joseph W. Elhajj d/b/a : 
Apex Valuation Services, : 
  : 
            Defendant : 


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge (P.)
                  HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                               FILED: July 26, 2024


         Before this Court is Joseph W. Elhajj d/b/a Apex Valuation Services'
(Landlord) preliminary objection (PO) to the Complaint filed by the Pennsylvania
Human Relations Commission (Commission) on behalf of Tia Hixon (Tenant)
asserting lack of jurisdiction based on the Commission's failure to timely file the
Complaint pursuant to its regulations. We overrule the PO.

## I. Background

Tenant filed a complaint with the Commission against Landlord, which owns, operates, and manages an apartment complex in Fayetteville, Pennsylvania, where she resided, alleging unlawful housing discrimination in violation of Pennsylvania Human Relations Act (PHRA).[1] The matter was placed on the Commission's public hearing docket on May 16, 2023. On June 26, 2023, Landlord received an election notice letter pursuant to Section 9(d.1) of the PHRA, 43 P.S. §959(d.1), and Section 42.101(c)(1) of the Commission's regulations, 16 Pa. Code §42.101(c)(1). The election notice permits "either party [to] elect to have the claim asserted in the complaint decided in a civil action brought under the original jurisdiction of Commonwealth Court." 43 P.S. §959(d.1). On June 30, 2023, Landlord elected to proceed in this Court's original jurisdiction and notified all parties.

Based on this election, on July 31, 2023, the Commission filed the Complaint on behalf of Tenant in this Court's original jurisdiction. In the Complaint, the Commission alleged that Landlord violated the PHRA when it discriminated against Tenant, an individual with a disability, by refusing to permit Tenant to maintain an emotional support animal in her housing as a reasonable accommodation to Landlord's "no pets policy." In addition, the Commission alleged that Landlord made housing unavailable to Tenant because of this denial and in retaliation for her having engaged in protected activity in violation of the law. In response to the Complaint, Landlord filed a PO asserting that this Court lacks jurisdiction pursuant to Pa.R.Civ.P. 1028 (a)(1) and (2) based on the Commission's

[1] Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §§951-963.

2

failure to timely file the Complaint pursuant to its regulations.[2] Alternatively, Landlord asserts that the Complaint should be dismissed as untimely. The parties filed briefs in support of and in opposition to the PO.

## II. PO
### A. Contentions

Landlord contends that this Court does not have jurisdiction based on the Commission's failure to file a timely Complaint in accordance with its regulations. Pursuant to the Commission's regulations, the Commission was required to commence its Complaint "within 20 days from receipt" of an election to proceed in Commonwealth Court. 16 Pa. Code §42.101(c)(2). The undisputed facts, as laid out in the Complaint, establish that the Commission did not file the Complaint within 20 days of Landlord's June 30, 2023 election in contravention of its regulations. The Commission's untimely filing operates to deprive this Court of jurisdiction over the Complaint. Alternatively, even if not jurisdictional, the Complaint should still be dismissed as untimely.

The Commission responds that the Complaint was timely filed in accordance with the PHRA, which properly confers jurisdiction on this Court. There is a conflict between the PHRA and the regulation regarding the limitations period. Under the PHRA, after a party elects to have the claim decided in the

---

[2] Preliminary objections may be filed by any party to any pleading and are limited to the grounds set forth in Rule 1028(a) of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 1028(a). In ruling on POs, "[w]e are required to accept as true the well-pled averments set forth in the . . . complaint, and all inferences reasonably deducible therefrom." *Pennsylvania State Lodge, Fraternal Order of Police v. Department of Conservation and Natural Resources*, 909 A.2d 413, 415-16 (Pa. Cmwlth. 2006), *aff'd*, 924 A.2d 1203 (Pa. 2007). However, we are not required to "accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id*. at 416. To sustain POs, "it must appear with certainty that the law will not permit recovery, and, where any doubt exists as to whether the [POs] should be sustained, the doubt must be resolved in favor of overruling the preliminary objections." *Id*.

Commonwealth Court, the Commission shall within *30 days* commence and maintain the civil action on behalf of the complainant, whereas the regulation provides that the Commission shall commence and maintain the civil action within *20 days* from receipt of the election. *Compare* 43 P.S. §959(d.1) *with* 16 Pa. Code §42.101(c)(2). Because Section 42.101(c)(2) of the regulations is inconsistent with Section 9(d.1) of the PHRA, the regulation must give way to the statute. Although the Complaint was not filed within 20 days as set forth in the regulation, it was timely filed within the statutory period, which prevails over the conflicting regulation.

In reply, Landlord responds that the regulation does not categorically conflict with the PHRA. The 30-day filing requirement under Section 9(d.1) begins to run "from the date of election," 43 P.S. §959(d.1), whereas the regulation's 20-day filing requirement begins to run "from *receipt* of the election." 16 Pa. Code §42.101(c)(2) (emphasis added). Furthermore, the 20-day time period advances the PHRA's directive that the Commission promulgate rules and regulations that "expedite" the complaint procedure. 43 P.S. §959(g).

### B. Analysis

"[T]he Commission, like all administrative agencies, can only exercise those powers which have been conferred upon it by the Legislature." *Pennsylvania Human Relations Commission v. Zamantakis*, 387 A.2d 70, 72 (Pa. 1978). "'[T]he power of an administrative agency to prescribe rules and regulations under a statute is not the power to make law, but only the power to adopt regulations to carry into effect the will of the Legislature as expressed by the statute.'" *Hommrich v. Pennsylvania Public Utilities Commission*, 231 A.3d 1027, 1035 (Pa. Cmwlth. 2020), *aff'd*, 245 A.3d 637 (Pa. 2021) (quoting *Volunteer Firemen's Relief*

4

*Association of the City of Reading v. Minehart*, 227 A.2d 632, 635-36 (Pa. 1967)). As a general matter, "when an agency adopts a regulation pursuant to its legislative rulemaking power . . . it is valid and binding upon courts as a statute so long as it is (a) adopted within the agency's granted power, (b) issued pursuant to proper procedure, and (c) reasonable." *Tire Jockey Service, Inc. v. Department of Environmental Resources*, 915 A.2d 1165, 1186 (Pa. 2007).

"A regulation cannot be upheld if it is contrary to the statute under which it was promulgated." *Consulting Engineers Council of Pennsylvania v. State Architects Licensure Board*, 560 A.2d 1375, 1376 (Pa. 1989). "When an agency adopts regulations at variance with the statute, the regulations, and not the statute, fall by the wayside." *Hommrich*, 231 A.3d at 1035 (citation and quotation omitted); *accord Victory Bank v. Commonwealth*, 219 A.3d 1236, 1239 (Pa. Cmwlth. 2019), *aff'd*, 240 A.3d 95 (Pa. 2020) (citation and quotation omitted); *Commonwealth v. Colonial Nissan, Inc.*, 691 A.2d 1005, 1009 (Pa. Cmwlth. 1997). "It is axiomatic that a statute is the law and trumps an administrative agency's regulations." *Commonwealth v. Kerstetter*, 62 A.3d 1065, 1069 (Pa. Cmwlth. 2013), *aff'd*, 94 A.3d 991 (Pa. 2014).

Regulations cannot enlarge the statutorily-established filing period. *Pennsylvania Human Relations Commission v. School District of Philadelphia*, 562 A.2d 313, 315 (Pa. 1989). In the same way, regulations cannot reduce a statutorily-established filing period. *Colonial Nissan*, 691 A.2d at 1009 (20-day statutory provision governed over conflicting 10-day regulatory provision that purported to implement statute); *Heaton v. Department of Public Welfare*, 506 A.2d 1350, 1355 (Pa. Cmwlth. 1986) (statute's 60-day sanction period governed over conflicting regulation's 30-day sanction period).

5

As this Court has explained:

> To determine whether a regulation is adopted within an agency's granted power, we look for statutory language authorizing the agency to promulgate the legislative rule and examine that language to determine whether the rule falls within the grant of authority. The legislature's delegation must be clear and unmistakable. In performing this analysis, our Supreme Court has recognized the importance of substantive rulemaking as a practice widely used in administrative law, which we should uphold whenever the statutory delegation can reasonably be construed to authorize it. When considering, then, whether the agency has the authority to enact a particular substantive rule, we must consider both the letter of the statutory delegation to create that rule as well as the purpose of the statute and its reasonable effect. *We also consider as part of this analysis whether the regulation is consistent with the enabling statute*, for [c]learly, the legislature would not authorize agencies to adopt . . . regulations inconsistent with the . . . enabling statutes. When, therefore, a regulation presents *an actual conflict with the statute*, we cannot reasonably understand the regulation to be within the agency's ambit of authority, and the statute must prevail.

*Marcellus Shale Coalition v. Department of Environmental Protection*, 216 A.3d 448, 459-60 (Pa. Cmwlth. 2019) (citations and quotations omitted) (emphasis added).

For example, in *Colonial Nissan*, an automobile dealer challenged an agency decision, which imposed fines and a license suspension due to the dealer's failure to timely forward registration information, based on a conflict between the regulatory and statutory provisions regarding the number of days for the delivery of registration documents. 691 A.2d at 1006. The regulation directed automobile dealers to forward vehicle registration documents within 10 days of purchase, whereas the statute provided within 20 days of purchase. *Id*. at 1008. This Court

6

held that the regulation's 10-day registration period presented an actual conflict with the statute's 20-day registration period and must give way. *Id*. at 1009. Thus, we concluded that the 20-day statutory period governed. *Id*.

> Section 9(d.1) of the PHRA provides:
>
> When notice of hearing is given as set forth in subsection (d) and an election procedure is required by the Fair Housing Act, [42 U.S.C. §§3601-3631,] either party may elect to have the claim asserted in the complaint decided in a civil action brought under the original jurisdiction of Commonwealth Court. The written notice of the Commission shall be sent to all parties and will inform them of their right to take civil action. An election must be made within [20] days after receipt of the notice of hearing. A party making this election shall notify the Commission and all other parties. *If an election for civil action is made by either party, the Commission shall, within* **[30]** **days** *from the date of election, commence and maintain a civil action on behalf of the complainant provided* . . . .

43 P.S. §959(d.1) (emphasis added). Section 7(d) of the PHRA authorizes the Commission "[t]o adopt, promulgate, amend and rescind rules and regulations to effectuate the policies and provisions of" the PHRA. 43 P.S. §957(d). Section 9(g) of the PHRA further provides:

> *The Commission shall establish rules of practice to govern, expedite and effectuate the foregoing procedure and its own actions thereunder.* Three or more members of the Commission or a permanent hearing examiner designated by the Commission shall constitute the Commission for any hearing required to be held by the Commission under this act. The recommended findings, conclusions and order made by said members or permanent hearing examiner shall be reviewed and approved or reversed by the Commission before such order may be served upon the parties to the complaint. The recommended findings, conclusions and order made by

7

said members or permanent hearing examiner shall become a part of the permanent record of the proceeding and shall accompany any order served upon the parties to the complaint.

43 P.S. §959(g) (emphasis added).

Pursuant to this authority, the Commission promulgated special rules of administrative practice and procedure, 16 Pa. Code §§42.1-42.141. In accord with the PHRA, the regulations provide that whenever a notice of public hearing is issued involving a complaint concerning unlawful housing discrimination, "the notice shall . . . inform the parties of their right, under [S]ection 9(d.1) of the [PHRA] (43 P.S. §959(d.1)), to have the claims asserted in the complaint decided in a civil action brought under the original jurisdiction of the Commonwealth Court . . . ." 16 Pa. Code §42.101(c)(1). The regulations similarly provide that the parties must "inform the Commission of the election, in writing, within 20 days after receipt of the notice, and that a failure to respond within this time shall result in the loss of the ability to proceed in Commonwealth Court under [S]ection 9(d.1) of the [PHRA]." *Id*.

However, the regulation shortens the period for the Commission to act once an election is made from 30 days to 20 days. Specifically, the regulation provides that "the Commission will commence, *within 20 days from receipt of the election*, and maintain a civil action on behalf of the complainant . . . ." 16 Pa. Code §42.101(c)(2).

According to Landlord, the statute and regulation are not in conflict because of the inclusion of the term "receipt" within the regulation. By filing a complaint within *20 days of receipt*, Landlord asserts, the Commission is ensuring compliance with the PHRA's 30-day period and is furthering its mandate to establish

8

rules of practice to "expedite" the complaint procedure. 43 P.S. §959(g). However, as Landlord also posits:

> [I]n situations where the [Commission] does not receive notice of election for more than [10] days after the date of notice, 16 Pa. Code §42.101(c)(2) purports to give the [Commission] *more time to commence an action* in the Commonwealth Court than a strict application of [S]ection []9(d.1), because, in that case, [20] days from receipt will exceed the [30] days from election.

Defendant's Reply Brief at 5. This latter example illustrates how the regulation conflicts not only with the language of the statute but with its purpose by extending the statutory complaint period.

Furthermore, contrary to Landlord's interpretation, both the statute and regulation contemplate the date of receipt. Under the General Rules of Administrative Practice and Procedure (GRAPP), 1 Pa. Code §§31.1-35.251,[3] the date the election was *received by* the Commission, not the date that election was made or mailed, governs. 1 Pa. Code §31.11 ("Pleadings, submittals or other documents required or permitted to be filed under this part, the regulations of the agency or any other provision of law shall be received for filing at the office of the agency within the time limits, if any, for the filing. The date of receipt at the office of the agency and not the date of deposit in the mails is determinative."); *see Bureau Veritas North America, Inc. v. Department of Transportation*, 127 A.3d 871, 878 (Pa. Cmwlth. 2015) (bid protest was filed on the date it was received by the agency, rather than the date the bidder unsuccessfully sent the protest by e-mail). It is the date of the receipt that starts the Commission's clock for filing a complaint. *See id.* Because both the statute and regulation begin from the date of receipt, the

---

[3] GRAPP governs all practice and procedure in Commonwealth agencies except where an agency has "promulgated inconsistent regulations on the same subject." 1 Pa. Code §31.1(c).

regulation's shortened timeframe is clearly at odds with the statute. Thus, the PHRA's 30-day period governs.

Here, the Commission received Landlord's "Notice of Election to Proceed in Commonwealth Court" on or about June 30, 2023, when Landlord electronically submitted it to the Commission. In compliance with Section 9(d.1) of the PHRA, the Commission timely filed its Complaint on behalf of Tenant with this Court on Monday, July 31, 2023 – within 30 days of the election.[4] The Commission's filing clearly conforms with the PHRA and appropriately confers this Court with jurisdiction over this matter.[5]

## III. Conclusion

Because Landlord's PO turns on the validity of the 20-day regulation, we overrule the PO.

MICHAEL H. WOJCIK, Judge

---

[4] *See* 1 Pa. Code §31.12 ("The last day of the period so computed shall be included, unless it is Saturday, Sunday or a legal holiday in this Commonwealth, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday nor a holiday.").

[5] Even if untimely, this Court would maintain jurisdiction to preserve Tenant's Complaint of unlawful discrimination under the principle of equitable tolling. *See* Section 12(e) of the PHRA, 43 P.S. §962(e) ("The time limits for filing under any complaint or other pleading under this act shall be subject to waiver, estoppel and equitable tolling."). Tenant was not at fault for any perceived error regarding the timing of the filing, and she should not be penalized by the dismissal of her Complaint. *See Commonwealth Bank and Trust Co. v. Winterberger*, 582 A.2d 730, 732 (Pa. Cmwlth. 1990) (the Commission's error or negligence "resulting in a delay in processing an otherwise timely filed complaint, should not deprive an innocent party of receiving consideration on the merits of his or her claim").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Human Relations : 
Commission, on behalf of :
Tia Hixon, :
　　　　　　　　　　　　　　　　 :
　　　　　　　　　　　　Plaintiff :
　　　　　　　　　　　　　　　　 :
　　　　　　　　　　v. : No. 338 M.D. 2023
　　　　　　　　　　　　　　　　 :
Joseph W. Elhajj d/b/a :
Apex Valuation Services, :
　　　　　　　　　　　　　　　　 :
　　　　　　　　　　Defendant :

**O R D E R**

AND NOW, this 26th day of July, 2024, Defendant's preliminary objection is OVERRULED. Defendant is directed to file an answer to Plaintiff's Complaint within 30 days of this order.

_____
MICHAEL H. WOJCIK, Judge